Pearson, J.
 

 If there was no privity between the defendant's testator and Purvis, the ferryman, it is clear the action cannot be maintained. It is, therefore, most favorable for the plaintiff, to put the agency of Jones out of view, and consider the lease as made by the defendant’s testator. This question is then presented: The owner of land, with the-franchise of a ferry annexed, makes a lease for one year,
 
 *3
 
 and is to receive as rent, two thirds of the profits. Loss is suffered by the plaintiff — has he a right of action against the lessor
 
 1
 

 We think he has not: and suppose his Honor fell into error, by not adverting to the distinction between a lessee and a cropper, (as he is termed) a servant whose wages depend upon the amount of profits.
 

 The leading case,
 
 State
 
 v
 
 Jones
 
 2 Dev. and Bat. 545, which has been followed by several others, establishes the distinction. It is not verbal but substantial; and leads to important differences, in regard to the rights and liabilities of the parties. A lessee of the land and ferry annexed, becomes
 
 the owner
 
 during the term. The toll belongs to him; if payment is refused, it is recovered in his name. If an injury is done to the boat, the action must be in his name. The lessor’s remedy for his rent is like that of any
 
 other
 
 creditor, and if a third person suffers loss at the ferry» his remedy is against the lessee,
 
 because he is the owner. Deaver
 
 v
 
 Rice,
 
 4 Dev. and Bat. 431.
 

 On the other hand, if the owner employs one to act as Ferryman for a year, and agrees to pay him one third of the profits, as his hire, the ferryman does not become
 
 the
 
 owner, the toll does not belong to him; if he receive it, he does so as agent of the owner; if payment is refused, it must be sued foi in the name of the owner; so far as injury accrues to the boat, the action must be in the name of the owner. The ferryman must sué for his wages like
 
 any other creditor,
 
 and, if loss is suffered by a third person, he has a right of action against the owner, because the ferryman is
 
 his servant, and is doing the work for him.
 
 For this,
 
 Wiswall
 
 v
 
 Brinson,
 
 10 Ire. 554, is in point. It was relied on in the argument, but it has no bearing, whatsoever, on this case, where there was a lease. It is suggested, that much inconvenience will result to the public, if owners of ferries are allowed to lease to insolvent ferrymen, and thus avoid responsibility, while they receive a part of the profits.
 
 *4
 
 The county courts are directed to take bonds from the owners of ferries. If the duty has been neglected, in reference to this ferry, it is the plaintiff’s misfortune.
 

 It is suggested, a franchise cannot be assigned. That may be true in regard to the franchise of being a corporation, for corporations have a “ limited capacity,” and only such rights and powers as are conferred by the charter. But there is no reason, why an individual who owns land, with a franchise annexed, as a ferry or market, may not transfer the land in , fee, or for any less estate, and then the franchise passes as incident, like rent, which passes with the reversions incident thereto.
 

 It is again suggested, that a. lessee for years is not the
 
 owner of the land,
 
 and has a mere right to occupy and receive the profits. For feudal reasons, anciently, none but ■free holders were considered
 
 “
 
 owners of the soil.” A free holder is defined to be “
 
 the possessor of the soil by a free name”
 
 None but free holders were good “ tenants to the .precipe,” to answer real actions, and a lessee for years, if evicted, had, at law, no remedy to recover the unexpired part of his term. The law, in this particular, was changed . at an early period, and the writ of possession was given, as incident to the judgment in ejectment; and in modern times, it is settled, that although for certain political purposes, a preference is given to free holders, yet for all civil purposes, a lessee for years has a part of the estate, and is
 
 the owner of the land during the time.
 
 ■ This is taken to be clear law, in
 
 Denver
 
 v.
 
 'Rice
 
 cited above, and is not an open question.
 

 Per Cbriaw. Judgment reversed; and a
 
 non suit.