B. A. McLEAN v. ANDREWS HARDWOOD COMPANY AND C. C. COLE.

(Filed 27 January, 1931.)

1. **Master and Servant E a—Federal Employers' Liability Act applies to logging roads.**

     The Federal Employers' Liability Act applies to steam logging roads in this State.

2. **Master and Servant E b—Where employee is alter ego and his own negligence is sole cause of injury he may not recover under the act.**

     The rule that in an action by an employee of a logging road the Federal Employers' Liability Act applies and that contributory negligence will be considered by the jury only in mitigation of damages will not warrant a recovery where the employee was the *alter ego* of his principal and was under duty to see proper conditions surrounded the doing of the work, and his negligence in the discharge of this duty was the sole proximate cause of the injury to himself.

APPEAL by defendants from *Harwood, Special Judge,* and a jury, at June Term, 1930, of CHEROKEE. Reversed.

This is an action for actionable negligence, instituted by plaintiff against defendants. The evidence was to the effect that plaintiff acted as brakeman and conductor. He testified, in part: "I have been working up there on that log train something like eight or nine years. . . . I ran this logging train from Andrews to Clay County, where I was working at this particular time; I was not braking (all the time). I had been conductor. The brakeman had to go over the car the same as the conductor and had charge of the brake stick. I couldn't say there is any difference between the brakeman and the conductor. Yes, if I was brakeman on that train I was conductor too. The conductor has charge of the train and the braking of it too—he had to do it. . . . I reckon, in loading the logs on the train the conductor had a right to inspect them and tell the loader how to place them on the cars, and

McLean *v.* Hardwood Co.

had a right to inspect them and tell him if they were loaded right or wrong. There was not anything said about the right to do that till we tore down one load one day, and they then told me to do that; we tore down a load and reloaded it. I did not put the chains on the car that day up there. I don't think that when the engine had come back to that place where they were loading the logs that day I inspected them and after I inspected them and put the chains on that load of logs; I never put the chains up across that car because it was getting late. . . . I suppose it was my duty as inspector to inspect that car to see whether the chains were on the cars properly when there was not another man on. When the trainmaster was with me—he was over on the engine—I don't mean to tell the jury that when the trainmaster was there, I didn't have to see that the cars were properly loaded. My duty still remained to see to the loading of the cars and see that it was properly loaded and chained. . . . Q. Whose business was it, or whose duty was it to tell the men which logs to attach to the engine when they would go back to get the logs? Whose duty was it to tell the engineer which car of logs to put in his train when he went back to get a load? A. Part of the time the brakeman and part of the time the conductor. Q. Was it your duty? A. Yes. Q. Whose duty was it to look at the cars and see if they were properly loaded and to tell the engineer to attach his engine to them and take them off? A. I suppose me or Mr. Cole's, one."

The plaintiff was injured by a log rolling off and hurting his hand, and testified how it happened: "The car was going around the curve and my hand was here on the log, and I was looking back. I was not thinking about it—if the logs rolled down they would hit my hand in a position like that; I knew it was a dangerous thing to do. I knew that logs frequently rolled off and notwithstanding that, I put my hand in that dangerous position where the log hit my hand."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff, B. A. McLean, injured by the negligence of the defendant, Andrews Hardwood Company, and C. C. Cole, as alleged in the complaint? Answer: Yes.

2. Did said plaintiff by his own negligence contribute to his own injury as alleged in the answer? Answer: Yes.

3. What damage, if any, is plaintiff entitled to recover? Answer: $500."

*Moody & Moody for plaintiff.*
*M. W. Bell for defendants.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence, defendants made motions in the court below for judgment as in case of nonsuit. C. S., 567. The motions of defendants were denied, and in this we think there was error.

The evidence was to the effect that defendant, in connection with its mills operated a logging road. In this jurisdiction narrow-gauge logging road held "railroad," within statute, as to employee's contributory negligence. *Stewart v. Blackwood Lumber Co.,* 193 N. C., 138. Contributory negligence is no bar to recovery, but mitigates, or diminishes, damages. See C. S., 3465, 3466, 3467, 3468, 3470.

The evidence indicates that plaintiff brakeman and conductor was an *alter ego* and the duty was placed on him to see to the proper loading and inspection, and the injury he complains of was caused by his nonperformance of duty for which he is barred from recovery.

In *Christopher v. Mining Co.,* 196 N. C., at page 534, in speaking of the principle laid down in *Mace v. Mineral Co.,* 169 N. C., 143 (Mace was not allowed to recover), this Court said: "In that case the foreman, an experienced miner, was killed in a mine by falling rock and dirt. The workmen in the mine were under his authority. The manner and method of doing the work was left to the foreman's judgment—he being in charge and had to use due care to make the place to work safe, as he went, for those under him. As it were, under the circumstances, he made his own place to work. *Heaton v. Murphy Coal·& Iron Co.,* 191 N. C., 835."

In 3 Labatt, Master and Servant (2 ed.), sec. 1260, at p. 3498, we find: "A superior servant cannot recover for injuries caused by his negligence in respect to the issue of orders, or in the matter of supervising the use, disposition, or movements of that part of the plant which is under his control."

For the reasons given, the judgment of the court below is

Reversed.