E. M. McINTURFF v. ST. LOUIS UNION TRUST COMPANY ET AL.

(Filed 20 May, 1931.)

**1. Negligence A c—In this case held: owner was not liable for alleged negligence of lessee.**

The owner of a hotel is not liable in damages for the alleged negligence of its lessee causing injury to the latter's employee arising solely in the management of the leased premises.

**2. Master and Servant C g—Contributory negligence of employee held to bar recovery in this case.**

The negligent act of a night employee at a hotel in opening an elevator gate left slightly ajar, and, assuming that the elevator was in place, without looking, stepping into the open shaft to his injury, is held negligence on the part of the employee barring his right to recover.

**3. Torts C b—Release signed by plaintiff is bar to action in the absence of fraud or mistake.**

A release from liability for a personal injury, signed by the injured party for consideration, is a bar to an action for damages in the absence of fraud or mistake.

APPEAL by plaintiff from *Oglesby, J.,* at December Term, 1930, of BUNCOMBE.

Civil action to recover damages for an alleged negligent injury sustained by plaintiff when he pushed back an elevator door in the Battery Park Hotel, which had been left slightly open, and, without looking, thinking the elevator was there, stepped forward to turn on the lights and fell a distance of fifteen feet, through the elevator shaft, to the concrete floor below and was injured.

The evidence shows that plaintiff was employed by the lessees of the hotel and not by the defendants. He was in charge of the work he was doing as night-watchman. It was further in evidence that, after returning to work, the plaintiff accepted $150, and released the defendants from any and all liability.

The court also held that the negligence of which the plaintiff complains was his own, or at least it was not attributable to the defendants, owners of the hotel, and nonsuited the case at the close of plaintiff's evidence. Plaintiff appeals, assigning errors.

*E. M. McInturff in propria persona and John H. Cathey on brief for plaintiff.*
*Merrimon, Adams & Adams for defendants.*

STACY, C. J. The case was properly dismissed, first, upon the ground that the defendants were not responsible to plaintiff for the open elevator

shaft (*Tucker v. Yarn Mill Co.,* 194 N. C., 756, 140 S. E., 744; *Biggs v. Ferrell,* 34 N. C., 1), second, because the negligence of which the plaintiff complains was his own (*McLean v. Hardwood Co.,* 200 N. C., 312; *Ingram v. R. R.,* 181 N. C., 491, 106 S. E., 565), and, third, for the reason that the release signed by plaintiff, in the absence of fraud or mistake, is a bar to his right to recover against the present defendants. *Aderholt v. R. R.,* 152 N. C., 411, 67 S. E., 978; *Butler v. Fertilizer Works,* 193 N. C., 632, 137 S. E., 813.

Affirmed.