Civil action instituted in the municipal court of the city of High Point to recover for loss of service of, and consortium with wife of plaintiff allegedly resulting from actionable negligence of defendant.
Plaintiff alleges in his complaint, and on the trial in municipal court of the city of High Point offered evidence tending to show, that his wife suffered serious and permanent personal injuries, received on 13 February, 1942, as proximate result of the negligence of agent of defendant in the operation of a taxicab in which she was riding as a passenger, and that in consequence thereof he has been deprived of the services of, and consortium
with his wife to his damage. *Page 340 
Defendant, in answer filed, denies the material allegations of the complaint, and for further defense alleges: "That on or about the 3rd of April, 1942, the plaintiff for and in consideration of the sum of $25.00 to him in hand paid executed and delivered unto the defendant, under the advice and guidance of an able and highly reputable counsel, a release of all claims in words and figures as follows:
"`RELEASE OF ALL CLAIMS
"`KNOW ALL MEN BY THESE PRESENTS, That Brady Watkins in consideration of Twenty Five No/100 . . . ($25.00) to me in hand paid by John Harris 
Little Rosetta Taxi, receipt whereof is hereby acknowledged, have released, acquitted and discharged and by these presents do release, acquit and forever discharge said John Harris Little Rosetta Taxi of and from any and all actions, causes of action, damages or demands of whatever name or nature in any manner arisen, arising or to grow out of any and all accidents or matters and especially an accident to my wife, Rosa Watkins, claimed by the undersigned to have been sustained on or about the 14th day of February, 1942, substantially as follows: taxi turned over and injured my wife, Rosa Watkins and this release is for loss of services, consortment, and any and all other claims as provided by law.
"`It is further acknowledged that there is no agreement or promise on the part of said John Harris Little Rosetta Taxi to do or omit to do any act or thing not herein mentioned, and that the above consideration is in full settlement of any and all damages to the undersigned arising from or out of any and all matters aforementioned. The said ......... in paying the said sum of money does so in compromise of the said claim or claims, action or actions, cause of action or causes of action, damages and demand or demands above released, not admitting any liability on account of the same.
"`IN WITNESS WHEREOF I have hereunto set my hand and seal this 3rd day of April A. D., 1942.
"`IN PRESENCE OF
NORMAN A. BOREN BRADY WATKINS (L. S.)'
and this defendant pleads said release in bar of any recovery whatsoever on the part of the plaintiff in this action."
Plaintiff, replying, denies knowledge that the paper writing signed by him is the one described in the answer, and, while admitting that he endorsed a check for $25.00, denies that he received any part of the same, and alleges (1) that he was not informed by anyone that the paper writing signed by him released any claim he might have against defendant; *Page 341 
that he is not able to read sufficiently to understand the meaning and effect of a paper writing of this nature; that if the said paper writing was a release of all claims of plaintiff against defendant on account of injuries to the wife of plaintiff, the consideration is so small as to constitute the same legal fraud, and he alleges that the same was obtained by fraud; and that when he signed the paper writing, as above set out, he did not know the contents thereof nor did he know the nature and effect of the same, nor did he know that it released any rights he had against defendant or any other person.
Upon the trial in the municipal court of the city of High Point, as stated in brief of counsel for plaintiff filed in this Court, "the whole case turned upon the question of whether or not the plaintiff had executed a valid and binding release of his claim." Pertinent to this question the record on this appeal discloses evidence as follows: Plaintiff before resting his case offered the following: Rosa Watkins, wife of plaintiff, testified: "Mr. Norman A. Boren is and was a lawyer in Greensboro . . . at the time I was injured . . . my husband employed him . . . to be the lawyer in the case . . . He represented my husband . . . my husband can read . . . I got the money . . . my husband didn't get it."
Plaintiff, testifying by deposition, said: "I employed Hines Boren for her. I signed that paper. I was at the job I cook at. It was during the dinner hour and Mr. Boren came in and told me to sign the paper . . . He did not read it before I signed it . . . I signed a paper, I don't know what it was for. I know what a check is. I signed a check. I did not receive any money after I signed the check but my wife received some. She received some from Mr. Boren. She did not tell me how much."
Dr. Russell O. Lyday, who at the request of plaintiff treated the wife of plaintiff for her injuries, stated: "They told me they were going to settle. They told me they were considering a settlement. I told her she was far from well at that time."
Defendant, reserving exception to the refusal of the court to grant his motion for judgment as of nonsuit, made when plaintiff first rested his case, introduced in evidence the following: (1) The release identified by plaintiff. (The release introduced is in the identical words and figures set out in the further answer of defendant as hereinabove quoted). Objection and exception by plaintiff. (2) Testimony of Mr. Norman A. Boren who as witness for defendant stated in pertinent part the following: "I am a practicing attorney of Greensboro, N.C. . . . I have been practicing law there since I stood the Bar examination in August, 1920. I am a member of the firm of Hines Boren . . . I was approached by her husband first, who came to my office a very short while after the *Page 342 
accident had occurred. . . . He told me that his wife was in the hospital . . . and on some subsequent occasion he asked me to go with him down to the hospital to see his wife . . . which I did. I received a draft for $25.00 from the insurance adjuster in this case payable to Brady Watkins, the plaintiff, and Rosa Watkins. I deposited that draft in the bank and when it cleared I gave a check to Brady and Rosa Watkins, which they endorsed and cashed." (3) The plaintiff admits that Brady Watkins endorsed the check for $25.00 payable to himself and Rosa Watkins. (4) The defendant offered in evidence two checks, one for $25.00 endorsed by Brady Watkins and Rosa Watkins. Defendant rested.
Plaintiff in rebuttal recalled Rosa Watkins, who after testifying that her husband didn't know he had a case and that Mr. Boren represented her, and not her husband, said, "Mr. Boren gave me a check payable to me and my husband in the sum of $25.00 which had been endorsed by my husband and was endorsed by me and I got the money and paid family bills with it."
At the conclusion of all the evidence the court allowed defendant's motion for judgment as in case of nonsuit, and in accordance therewith entered judgment of nonsuit — dismissing the action. Plaintiff excepted. and appealed therefrom to Superior Court, assigning as errors, among others, (1) the ruling of the court in allowing the motion of defendant for judgment as of nonsuit, and (2) the signing of the judgment. On such appeal the judge of Superior Court, in judgment entered, overruled each of the exceptions taken by plaintiff in the progress of the trial in the municipal court of the city of High Point, and affirmed the judgment of said municipal court from which appeal is taken. Plaintiff excepted and appeals to the Supreme Court, and assigns error.
Appellant, in challenging the correctness of the judgment of Superior Court affirming judgment as of nonsuit entered in the municipal court of the city of High Point, states in brief filed in this Court that "the whole case turned upon the question of whether or not the plaintiff had executed a valid and binding release of his claim."
"A release executed by an injured party and based upon a valuable consideration is a complete defense to an action for damages for the injuries, and where the execution of such a release is admitted or established by the evidence, it is necessary for the plaintiff to prove the matter in avoidance of the release." Aderholt v. R. R., 152 N.C. 411,67 S.E. 1029. See also Butler v. Fertilizer Works, 193 N.C. 632, *Page 343 137 S.E. 813; McInturff v. Trust Co., 201 N.C. 16, 158 S.E. 547; Wardv. Health, 222 N.C. 470, 24 S.E.2d 5.
An injured person, who can read, is under the duty to read a release from liability for damages for a personal injury before signing it. Hence, where such a person signs a release without reading it, he is charged with knowledge of its contents, and he may not thereafter attack it upon the ground that at the time of signing he did not know its purport, unless his failure to read it was due to some artifice or fraud of, or chargeable to the party released. Aderholt v. R. R., supra; Butler v. Fertilizer Works,supra; Presnell v. Liner, 218 N.C. 152; Ward v. Heath, supra.
In the present case the execution of the release by plaintiff, though denied in the reply, is admitted upon the trial in the municipal court of the city of High Point. And the evidence fails to show that defendant, or other party released, or anyone representing either of them, was present when plaintiff signed the release. It was presented to him by his attorney, and he signed it in the presence of his attorney. While he says it was not read to him before he signed it, he could read, and the paper was under the control of him and his attorney, and he says he signed it under direction of his attorney. The circumstances of such signing of the release may not be chargeable to the parties released, and, hence, as against them and defendant, he may not now attack the validity of the release. Furthermore, the evidence shows that he endorsed the check representing the consideration for the release. If the consideration be inadequate, that alone will not suffice to overthrow the release.
Authorities cited by plaintiff have been considered.
Attention is called to what is said in opinion filed contemporaneously herewith in case of Rosa Watkins v. Grier, ante, 334, with regard to the requirements as to preparation of transcripts of record on appeal from the municipal court of the city of High Point to the Superior Court. See Rule 19 (3) of Rules of Practice in the Supreme Court, 221 N.C. 544, andJenkins v. Castelloe, 208 N.C. 406, 181 S.E. 266.
The judgment of Superior Court is
Affirmed.