NOAH WHITEHURST, ADMINISTRATOR OF DAVID WHITEHURST, DE-
CEASED, v. F. A. ELKS, RAYMOND ELKS, J. H. DUNBAR, AND EARL
GALLOWAY.

(Filed 22 September, 1937.)

**Master and Servant § 23—**

Where a nonsuit is entered as to one defendant for that the evidence
failed to show negligence on his part, the other defendant, sought to be
held on the principle of *respondeat superior*, is also entitled to dismissal,
and plaintiff may not contend that the dismissal was erroneous solely as
to the alleged employer.

APPEAL by plaintiff from *Williams, J.,* at April Term, 1937, of
CURRITUCK. Affirmed.

This is an action to recover damages for the death of plaintiff's
intestate.

The action was begun in the Superior Court of Currituck County on
17 October, 1936.

In his complaint plaintiff alleges that his intestate died in Currituck
County, North Carolina, on 18 December, 1935; that the death of his
intestate was the result of injuries which he suffered while he was
engaged in the performance of his duties as an employee of the defend-
ants; and that said fatal injuries were caused by the negligence of the
defendants, as specifically alleged in the complaint.

He demands judgment that he recover of the defendants damages for
the death of his intestate in the sum of $50,000.

The material allegations of the complaint are denied in the several
answers of the defendants.

At the close of the evidence for the plaintiff, each of the defendants
moved for judgment as of nonsuit. The motions were allowed, and the
action was dismissed as to each defendant. C. S., 567.

From judgment dismissing the action as to the defendant F. A. Elks
plaintiff appealed to the Supreme Court, assigning error in the judg-
ment.

*C. R. Morris, M. B. Simpson, and R. Clarence Dozier for plaintiff.*
*Blount & James and McMullan & McMullan for defendant F. A. Elks.*

PER CURIAM. It may be conceded, without deciding, that there was
evidence at the trial of this action tending to show a relationship be-
tween the defendant F. A. Elks and the defendant J. H. Dunbar, such
that negligence on the part of the defendant J. H. Dunbar, resulting
in the death of plaintiff's intestate, would have been imputed to the
defendant F. A. Elks on the principle of *respondeat superior*. On the

facts shown by all the evidence, the defendant F. A. Elks was liable to the plaintiff in this action only on this principle.

The trial court, being of opinion that there was no evidence tending to show liability on the part of the defendant J. H. Dunbar to the plaintiff, dismissed the action by judgment as of nonsuit as to the defendant J. H. Dunbar, and also as to the defendant F. A. Elks.

On his appeal to this Court, the plaintiff does not contend that there was error in the judgment dismissing the action as to the defendant J. H. Dunbar. It follows that the contention of the plaintiff that there was error in the judgment dismissing the action as to the defendant F. A. Elks cannot be sustained.

Where the relation between two parties is analogous to that of principal and agent, or master and servant, or employer and employee, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against plaintiff's right of action against the other. 15 R. C. L., 1027.

In accordance with this rule, the judgment dismissing the action as against the defendant F. A. Elks is

Affirmed.