Civil action for recovery of property damage resulting from alleged actionable negligence.
The undisputed facts are substantially these: On the night of 18 March, 1938, a motor truck, owned by plaintiffs and operated by their employee, Elton Holley, traveling on the State Highway in Bertie County, North Carolina, from Windsor to Edenton, and a passenger automobile owned by the defendant bank, in the possession, and under the control and direction of its traveling agent and servant, W. B. Newbern, and operated by the defendant, Junius Bess, as chauffeur for the said Newbern, also agent and servant of the bank, in the course of their employment and in the scope of their authority as such agents, proceeding *Page 503 
in the same direction, but at the moment in the act of backing, came into collision, resulting in the death of Newbern.
On 26 April, 1938, plaintiffs instituted this action in the Superior Court of Chowan County to recover for damage to their said truck, allegedly proximately resulting from the negligence of the defendant bank, through its agents and servants, Newbern and Bess. Defendants deny plaintiffs' allegations of negligence, plead contributory negligence and set up counterclaims to recover alleged damages to the automobile of the defendant bank, and for alleged damage resulting from injury to person of the defendant Bess, allegedly proximately resulting from the negligence of the plaintiffs.
When this action came on for hearing at the December Term, 1938, of Chowan County, the defendants herein by leave of the court filed the following amendments to their answer:
"A. That after the institution of this action one Dora G. Newbern, administratrix of W. B. Newbern, deceased, to wit, on the . . . . day of . . . . . . ., 1938, instituted an action against the said J. Clarence Leary and R. W. Leary, Jr., trading as Leary Brothers Storage Company, the plaintiffs herein, in the Superior Court of Pasquotank County, North Carolina, having for its purpose the recovery of damage for the wrongful death of the said W. B. Newbern, occasioned, as it was alleged in the complaint, by the negligence of the plaintiffs herein in the operation of their truck; that upon the trial of said action so instituted by the said Dora G. Newbern, administratrix of W. B. Newbern, deceased, it was caused to appear and admitted by all the parties that the car in which the said W. B. Newbern was riding was being operated by the defendant herein, Junius Bess, it being admitted that the said Junius Bess was the agent and employee of the Virginia-Carolina Joint Stock Land Bank, a defendant herein, and that the negligence of the said Junius Bess, if any, was by reason of the rule of respondeat superior the negligence of the said W. B. Newbern; that upon the trial of said action a judgment was entered against the plaintiffs herein, the defendants in that action, awarding unto the said Dora G. Newbern, administratrix of W. B. Newbern, the sum of $12,500 for the wrongful death of her intestate; that the said Superior Court of Pasquotank County, North Carolina, had jurisdiction of the parties to said action and of the subject matter thereof; that the issues determined by the court and jury in that action in favor of the plaintiff therein and against the plaintiff in this action as to the negligence of the plaintiffs herein, the defendants in that action, are determinative of the issues of negligence in this action, and that said judgment is still standing, subsisting and unreversed, and that the evidence in this case will be the same, as they are informed and believe. A certified copy of the judgment roll in said cause is hereto attached. *Page 504 
"B. That the said Virginia-Carolina Joint Stock Land Bank and the said Junius Bess were and are in privity with the said Dora G. Newbern, administratrix of W. B. Newbern, deceased, and the said judgment rendered by the Superior Court of Pasquotank County, North Carolina, is binding upon them and upon the plaintiffs herein and that the matters alleged in the complaint herein, by reason of said judgment, have become and now are resjudicata, and said judgment is specially pleaded in bar of the plaintiffs' right to recover against these defendants and in support of their counterclaim heretofore set up herein."
From the judgment roll in the Newbern case attached to said amendment to answer here, it appears that the defendants there, plaintiffs here, in answer to allegations of complaint make these pertinent averments: That "plaintiff's intestate, W. B. Newbern, was riding in a Plymouth automobile then in his possession and under his control, which was then and there being driven for him by a chauffeur or driver who was subject to his control and direction"; that "the said W. B. Newbern, or his driver of said Plymouth automobile, or both of them, negligently, carelessly and unlawfully caused said automobile to be stopped and immediately backed rapidly . . ."; and "that the negligence of plaintiff's intestate and that of the driver of the Plymouth car in which he was riding were the sole proximate cause of the collision."
Then, in setting up plea of contributory negligence, defendants there averred that "the said plaintiff's intestate and his said chauffeur and driver, negligently, carelessly and unlawfully, without keeping a sufficient and proper lookout, and without giving any warning or signal whatsoever, and without any tail light on said Plymouth car, suddenly stopped said Plymouth car on said highway and backed it . . . into the truck of these defendants"; "that as a result of this collision and the aforesaid negligence of W. B. Newbern and Junius Bess, the plaintiff's intestate sustained the injuries of which plaintiff now complains, and both the Plymouth car and the defendants' truck were badly damaged," and "that if the death of plaintiff's intestate was due to any negligence whatever on the part of the defendant, . . . the plaintiff's said intestate by his own negligence contributed to and proximately caused such injury and death sustained by him by the negligent and careless acts, doings and omission on the part of said plaintiff's intestate or of his said chauffeur and driver, Junius Bess, or both of them, acting singly or in conjunction in the particulars set forth in this answer; and the negligence and contributory negligence on the part of plaintiff's intestate or of his said chauffeur and driver, Junius Bess, are hereby expressly pleaded in bar of any recovery of these defendants."
It further appears from said judgment roll in the Newbern case, that upon issues joined and submitted, the jury found that plaintiff's intestate *Page 505 
was injured and killed by the negligence of the defendants as alleged in the complaint; and that plaintiff's intestate, by his own negligence, contributed to his injury and death as alleged in the answer; but that, notwithstanding, plaintiff's own contributory negligence, the defendants could, through the exercise of due care, have avoided the injury and death of plaintiff's intestate as alleged in the reply; that damages were assessed; that judgment was thereupon rendered in favor of plaintiff; and that defendants appealed to the Supreme Court. (It is pertinent here to interpolate and state that on such appeal the judgment was affirmed. See opinion, Newbern v. Leary, ante, 134.)
Plaintiffs demurred ore tenus to the amendment to the answer of defendants for that the facts alleged do not constitute a defense.
Thereupon, the court, after reciting in part "that it appearing to the court that the demurrer ought to be overruled, and that upon the pleadings in this action and proper proof of the matters and things contained in said amendment to the answer that such plea is good and acts as a bar to all matters and things in the above entitled action, except the amount of damages due defendants on their counterclaim," adjudged "that plaintiffs' demurrer be and the same is hereby overruled, and that the matters and things asserted in the amendment to the answer be and the same hereby are in bar of all matters and things asserted in this action, other than defendants' right to submit issues to the jury for its determination upon their counterclaims."
From this judgment plaintiffs appeal to the Supreme Court, and assign error.
Admitting the truth of the facts alleged and contained in the amendment to the answer of defendants, as we must do in testing a demurrer, this question arises: Is the judgment in the Newbern case res judicata of the matters alleged in the complaint, in and a bar against the plaintiffs' prosecution of this action? We are of opinion and hold that the question is properly answered in the affirmative.
"As to matter set up as defense the usual ground of demurrer is its insufficiency, and this may be taken by a formal demurrer or demurrer oretenus." McIntosh, North Carolina Prac. Proc., 507, sec. 475; Toler v.French, 213 N.C. 360, 196 S.E. 312; Ins. Co. v. McCraw, ante, 105,1 S.E.2d 369.
Generally, to constitute a judgment an estoppel there must be identity of parties, of subject matter and of issues. Hardison v. Everett, *Page 506 192 N.C. 371, 135 S.E. 288. It is a principle of elementary law that the estoppel of a judgment must be mutual, and "ordinarily the rule is that only parties and privies are bound by a judgment." Rabil v. Farris,213 N.C. 414, 196 S.E. 321; 116 A.L.R., 1083. When used with respect to estoppel by judgment, "the term `privity' denotes mutual or successive relationship to the same rights of property." Greenleaf on Evidence, Redfield Ed., Vol. 1, sec. 189, p. 216.
That the rule that only parties and privities are bound by a judgment is subject to certain exceptions is recognized in the decisions of this Court.Bank v. McCaskill, 174 N.C. 362, 93 S.E. 905.
In the case of Whitehurst v. Elks and Dunbar, 212 N.C. 97,192 S.E. 850, this Court said: "Where the relation between two parties is analogous to that of principal and agent, or master and servant, or employer and employee, the rule is that a judgment in favor of either in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other." 15 R. C. L., 1027.
In that case the liability of the defendant Elks depended solely on imputing to him the negligence of the defendant Dunbar on the principle ofrespondeat superior. From judgment as of nonsuit as to both defendants the plaintiff appealed only as to Elks. The judgment was affirmed.
See, also, the cases of Smith v. R. R., 151 N.C. 479, 66 S.E. 435;Morrow v. R. R., 213 N.C. 127, 195 S.E. 383; and Hudson v. Oil Co.,ante, 422, 2 S.E.2d 26.
"The application of the principle of res judicata to persons standing in the relation of principal and agent or master and servant has, by some authorities, been supported on the ground that privity exists between persons standing in these relations. But other authorities deny the existence of such privity, and hold that in such cases the technical rule is, upon grounds of public policy, expanded so as to embrace within the estoppel of a judgment persons who are not, strictly speaking, either parties or privies," 24 A. E. Enc. of Law (2 Ed.), 752, quoted in Gadsdenv. Crafts, 175 N.C. 358, 95 S.E. 610.
But, be that as it may, the principle is applied and prevails in decisions of courts of the several states and of the United States, notably among which are these: Doremus v. Root,23 Wn. 710, 63 P. 592, 54 L.R.A., 649; Childress v. LakeErie and W. R. Co. (Ind. case), 101 N.E. 332; McGinnis v.Chicago, etc., Ry. Co., 200 Mo., 347, 98 S.W. 590; Willifordv. Kansas, 154 Fed. Rep., 514; Wolf v. Kenyon, 273 N.Y. S., 170, Sup. Ct., 242, App. Div., 116; Portland Gold Mining Co. v.Strattons, Independence, 16 L.R.A. (N.S.); N. O. and N. R.Co. v. Jopes, 142 U.S. 18, 35 L.Ed., 919; Bigelow v. OldDominion Copper and Smelting Co., 225 U.S. 111, *Page 507 56 L.Ed., 1009; Anderson v. West Chicago Street Ry. Co., 65 N.E. 717; Antrim v. Legg, 203 Ill., A. 483; Bradley v. Rosenthal,154 Cal. 420.
In Doremus v. Root, supra, Fullerton, J., delivering opinion of the Supreme Court of the State of Washington, said: "From the principle that there can be no liability on the part of the employer for the act of his employee in which he took no part, if the employer is free from liability, it follows that a judgment in favor of the employee in an action brought against him for an injury caused by such an act is a bar to a recovery against the employer in an action brought against him for the same cause of action."
In Childress v. Lake Erie W. R. Co., supra, Adams, J., for the appellate Court of Indiana, said: "Where it is not claimed that the master actually participated in or directed the commission of the wrong, and is only sought to be held under the doctrine of respondeat superior, a judgment rendered as in this case, in favor of the servant, would bar a judgment against the master."
In McGinnis v. Chicago, etc., Ry. Co., supra, Graves, J., speaking for the Supreme Court of Missouri, said: "We are firmly of the opinion that in cases where the right to recover is dependent solely upon the doctrine ofrespondeat superior, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent, as was true in the case in hand, there should be no judgment against the master."
In Williford v. Kansas, supra, McColl, District J. of Circuit Court, Western District of Tennessee, said: "My conclusion is that, the plaintiff having tested his right to recover against the servants or agents of the master or principal, and having had his day in court, he is precluded from testing it again on the same issue or issues against the master or principal."
In Wolf v. Kenyon, supra, a New York case, it is said: "Strictly speaking, master and servant are not in privity, but where the relationship is undisputed and the action is purely derivative and dependent entirely upon the doctrine of respondeat superior, it constitutes an exception to the general rule, nor does this lack of mutuality affect the exception," citing Bigelow v. Old Dominion Copper Mining and Smelting Co., supra.
In Portland Gold Mining Co. v. Strattons, Independence, supra, VanDevanter, Circuit J., U.S.C.A., after reviewing pertinent authorities, concludes: "It is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that, in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon *Page 508 
the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way. And we think it could not well be otherwise, for, when the plaintiff has litigated directly with the immediate actor the claim that he was culpable, and, upon the full opportunity thus afforded for its legal investigation, the claim has been adjudged against the plaintiff, there is manifest propriety, and no injustice, in holding that he is thereby concluded from making it the basis of a right of recovery from another who is not otherwise responsible."
In Bigelow v. Old Dominion Copper Smelting Co., supra, the Supreme Court of the United States, speaking through Justice Lurton, on the subject of estoppel by judgment, said: "An apparent exception to this rule of mutuality has been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit upon the same facts when sued by the same principal. . . . The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for the conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee."
In applying these principles to the question involved in the present action, it is well to bear in mind the alleged facts with respect to the relationship of the parties to the accident, and to each other. Neither plaintiffs nor the defendant bank were present at the time of, or actively participated in the acts which caused the collision. Defendant bank's automobile was in the possession and under the control and direction of its servants and agents, W. B. Newbern and Junius Bess, in the line of duty and in the course of their employment. The plaintiffs' truck was in charge of their servant and employee, Elton Holley, in the line of duty and in the course of his employment. The relationship of master and servant or employer and employee existed between the defendant bank and the intestate Newbern and defendant Bess. The same relationship existed between plaintiffs and Elton Holley. The liability of the defendant bank to plaintiffs, if any, is grounded solely, and is dependent wholly, upon the negligence of its servants and employees, Newbern and Bess, individually or jointly, under the doctrine of respondeat superior.
In the case of Newbern v. Leary, supra, judgment in which is here pleaded by defendants as bar to plaintiffs' right to prosecute this *Page 509 
action, the question of liability for the injury and death of Newbern, resulting from the same collision, has been adjudicated between Leary Brothers, the plaintiffs here, who were defendants there, and Newbern, the agent and servant of the bank. The verdict of the jury is to the effect that the intestate Newbern was injured and killed by the negligence of the agent of Leary Brothers, who was operating their truck, and that although the said intestate by his own negligence contributed to his injury and death, the agent of Leary Brothers, by the exercise of due care, could have avoided the injury and death of the intestate. That being true, can the plaintiffs Leary Brothers now by this separate action charge the defendant bank, the master or employer of Newbern, with liability for acts of its servant or employee, Newbern, for the damage to their truck? The bank's liability, if any, is not as joint tort-feasor with Newbern or with defendant Bess. It rests solely upon the principle of respondeat superior. The jury having determined, and judgment having adjudicated that the negligence of agent of plaintiffs as alleged in the complaint was the proximate cause of the injury and death of Newbern, servant and agent of the bank, that judgment operates as an estoppel against the right of Leary Brothers to relitigate that question in an independent action against Newbern's master, the bank.
On the other hand, as between Newbern and Bess, while there is allegation that they both were servants of the bank and that Newbern was the superior of Bess and the alter ego of the bank, the verdict finds that Newbern by his own negligence contributed to his injury and death as alleged in the answer. In pleading contributory negligence it is averred in the answer that "the negligence and careless acts, doings and omission on the part of said plaintiff's intestate or of his said chauffeur and driver, Junius Bess, or both of them, acting singly or in conjunction in the particulars set forth in this answer" contributed to or proximately caused the injury and death of the intestate.
If, then, Newbern were actively negligent, and Bess were also negligent as charged in the answer, he and Newbern would be joint tort-feasors. "To make joint tort-feasors they must actively participate in the act which causes the injury," Brown v. Louisburg, 126 N.C. 701, 36 S.E. 166;Smith v. R. R., supra. As between them as joint tort-feasors, their relationship would not be within the exception to the general rule of estoppel, and the judgment in the Newbern case, supra, would not be resjudicata of the matters and things here alleged in the complaint in so far as the defendant Bess is concerned. However, the relationship between the bank and Bess, being that of master and servant, and the plaintiff being estopped by the Newbern judgment to prosecute the action against the bank, that estoppel will inure to the benefit of Bess. *Page 510 
The fact that this action was instituted before the Newbern action does not change the legal situation. "A prior judgment upon the same cause of action sustains the plea of former recovery, although the judgment is in action commenced subsequently to the one in which it is pleaded. The date is of no consequence; it is the fact of an adjudication between the same parties upon the same subject matter, which gives effect to the former recovery." Herman on Estoppel and Res Adjudicata, Estoppel by Record, p. 126, sec. 120.
The cases of Meacham v. Larus Bros. Co., 212 N.C. 646,194 S.E. 99; Rabil v. Farris, supra, and other cases relied upon by plaintiffs are distinguishable in factual situations from the present case. The decision here is not in conflict with the general principles there applied.
On this record the only question considered is whether the plea of resjudicata is sufficient to meet the test of demurrer. For the reason hereinbefore stated, we hold that it is sufficient, and to that extent the judgment below is
Affirmed.