MRS. HUGH PINNIX, ADMINISTRATRIX OF THE ESTATE OF WILLIAM RIGHTSELL, DECEASED, v. C. D. GRIFFIN AND GATE CITY LIFE INSURANCE COMPANY.

(Filed 20 May, 1942.)

1. **Appeal and Error § 49a—**

   The decision of the Supreme Court becomes the law of the case both in the subsequent proceedings in the trial court and on subsequent appeal, and therefore when the Supreme Court reverses the corporate defendant's motion to nonsuit on the issue of *respondeat superior* and the evidence upon the second trial is substantially the same as upon the first, the Supreme Court will not review the question again upon a second appeal.

2. **Master and Servant § 21c: Damages § 1a: Judgments § 32—**

   Where judgment for negligent injury is recovered against the servant, the verdict on the issue of damages is a verdict against the plaintiff as to all claims in excess of the amount awarded by the jury, and is the limit of any recovery against the master when he is sought to be held liable solely upon the doctrine of *respondeat superior*, and plaintiff cannot thereafter reopen or recanvass the question or assert that the recovery was upon a wrong basis or in an inadequate amount.

3. **Judgments § 29—Judgment against servant does not conclude master, but is conclusive on plaintiff as to all claims of damage in excess of amount awarded against servant.**

   Where, in an action for negligent injury, nonsuit is erroneously allowed as against the master upon the doctrine of *respondeat superior*, and judg-

ment is obtained against the servant, upon the subsequent trial the judgment against the servant upon the issues of negligence, contributory negligence and damages is not *res judicata* as to the master and he is not concluded thereby, since he had no opportunity to be heard upon the issues, but since the master's liability is solely derivative, the verdict on the issue of damages is *res judicata* against the plaintiff as to all claims for damages in excess of the amount awarded by the jury, and the master is entitled to an instruction that in no event could the jury award damages against it in a sum in excess of the amount awarded against the servant.

**4. Appeal and Error § 47b—In proper instances the Supreme Court, in its discretion, will order a partial new trial.**

Where, in an action to recover for negligent injury the jury has twice answered the issue of negligence and contributory negligence in favor of plaintiff, but in the first trial the master's motion to nonsuit on the issue of *respondeat superior* was erroneously allowed, and in the second trial the court erroneously refused to limit the damages recoverable against the master to the amount theretofore awarded against the servant, the Supreme Court in its discretion may award a new trial only upon the issues determinative of the master's liability and permit the issues as to negligence and contributory negligence to stand.

APPEAL by defendant Gate City Life Insurance Company from *Sink, J.,* at September Term, 1941, of GUILFORD. Partial new trial.

Civil action to recover damages for wrongful death.

This case was here on former appeal, *Pinnix v. Griffin,* 219 N. C., 35, 12 S. E. (2d), 667. On the first trial, there was a judgment of nonsuit as to the corporate defendant entered at the conclusion of the evidence for the plaintiff and verdict and judgment against Griffin for $1,000. Plaintiff excepted to the judgment of nonsuit and appealed. The other facts are sufficiently stated in the opinion on the former appeal.

The nonsuit as to the corporate defendant having been reversed, the case again came on for trial when the following issues were submitted to the jury:

"1. Was the death of plaintiff's intestate caused by the negligence of the defendant C. D. Griffin, as alleged in the complaint?

"Answer: Yes.

"2. If so, was the said C. D. Griffin, at the time, acting as servant of the defendant, Gate City Life Insurance Company, within the scope of his employment as such?

"Answer: Yes.

"3. Did plaintiff's intestate, by his own negligence, contribute to his injury and death, as alleged in the answer?

"Answer: No.

"4. What damages, if any, is plaintiff entitled to recover?

"Answer: $5,000.00."

There was judgment on the verdict and the corporate defendant excepted and appealed.

*C. L. Shuping for plaintiff, appellee.*
*R. M. Robinson for defendant Gate City Life Insurance Co., appellant.*

BARNHILL, J.  The decision by the Supreme Court on a prior appeal reversing the judgment of nonsuit constitutes the law of the case both in subsequent proceedings in the trial court and on a subsequent appeal. *Templeton v. Kelley,* 216 N. C., 487, 5 S. E. (2d), 555; *Robinson v. McAlhaney,* 216 N. C., 674, 6 S. E. (2d), 517; *Wall v. Asheville,* 220 N. C., 38.  As defendant concedes that plaintiff's evidence on the second trial was substantially the same as on the first trial its motion to dismiss as of nonsuit was properly overruled.  We will not review on a second appeal questions which were discussed and decided on the first appeal. Defendant's remedy, if any, was by petition to rehear.

The defendant, in apt time, tendered in writing a prayer for instructions as follows:

"In respect to the issue as to damages, if you come to consider that issue, the Court charges you, as a matter of law, that in no event can you award damages in excess of the sum of $1,000.00."

The court declined to charge the jury as requested and the defendant excepted.  This exception is the basis of the primary assignment of error on this appeal and presents this question: Can the master, under the doctrine of *respondeat superior,* be held in damages in an amount greater than that assessed against the servant, or is the verdict and judgment against the servant conclusive and binding upon the plaintiff?.

The individual defendant and not the corporate defendant was the active tort feasor.  While it is true the appellant on the finding of the jury was negligent in the sense that the act of the agent, as such, is the act of or is imputed to the principal, it is, strictly speaking, liable only under the doctrine of *respondeat superior.*  This is established by the verdict.  It must pay the damages inflicted by its servant while he was about his master's business and acting within the scope of his employment.  The amount of these damages has been ascertained and fixed by a jury in an action to which plaintiff was a party.  She did not appeal. May she now recover a much larger sum from the master?

This question has been decided, in principle, by this Court.  We have held that the verdict and judgment against the plaintiff on the issue of negligence in an action against the servant is conclusive and bars a later action by the same plaintiff against the principal.  This is the law when the master is not guilty of any independent or concurrent wrong but must be held, if at all, under the doctrine of *respondeat superior.*  *Whitehurst v. Elks,* 212 N. C., 97, 192 S. E., 850; *Morrow v. R. R.,* 213 N. C., 127, 195 S. E., 383; *Hudson v. Oil Co.,* 215 N. C., 422, 2 S. E. (2d), 26; *Leary v. Land Bank,* 215 N. C., 501, 2 S. E. (2d), 570; *Lindsey v. Danville,* 46 Vt., 144, 15 R. C. L., 1027.

The applicable law is fully discussed and the authorities are gathered and cited in the well considered and comprehensive opinion in the *Leary case, supra.*

What is said in that and the other cases cited applies with equal force to the question presented on this appeal. The plaintiff can have but one satisfaction—payment of the damages caused by the wrongful act of Griffin. *Mfg. Co. v. Moore,* 144 N. C., 527. She cannot recover twice for the same wrong or, in other words, she cannot have two compensations for the same complete tort, but must abide the first recovery as her full satisfaction for the wrong. *Barcliff v. R. R.,* 176 N. C., 39, 96 S. E., 644. Nor may she now reopen and recanvass the question, or assert that the act of Griffin inflicted greater damage than she recovered in the former trial. With that verdict she was then content. As to her, it is *res judicata.* 31 C. J. S., 194; *Mfg. Co. v. Moore, supra.*

Neither will she be permitted to allege that the former recovery was upon a wrong basis or in an inadequate amount; for if there was any error to her prejudice in the trial of that case she should then have excepted and had it corrected by an appeal. It is now too late to raise the question, as the judgment forecloses and estops her as to all issues determined on that hearing.

"A judgment is an estoppel upon a party not only in so far as it decides a question adversely to his claim or contention in the suit in which it is rendered, but where it recognizes or sustains his theory or claim it estops him from afterward taking a different position" as against those entitled to plead the estoppel. 34 C. J., 907, sec. 1318.

But plaintiff argues, however, that the defendant was neither a party nor a privy to the former judgment rendered against the servant and, therefore, cannot take advantage of that judgment. This is the converse of the rule just stated. It has no application when the principal is liable only by reason of the master-servant relationship and the authorities cited in support are distinguishable.

"Though it involves an apparent violation of the doctrine of mutuality of estoppel, the rule is general and well settled that where the liability, if any, of a principal or master to a third person is purely derivative and dependent entirely upon the principle of *respondeat superior,* a judgment on the merits in favor of the agent or servant, or even a judgment against him, in so far as it fixes the maximum limit of liability, is *res judicata* in favor of the principal or master though he was not a party to the action." *Myer's Admx. v. Brown,* 250 Ky., 64, 61 S. W. (2d), 1052; *Blue Valley Creamery v. Cronimus,* 270 Ky., 496, 110 S. W. (2d), 286; Freeman on Judgments (5th Ed.), sec. 469, p. 1031; *Betcher v. McChesney,* 255 Pa., 394, 100 Atl., 124.

The strict rule that a judgment operates as *res judicata* only in regard to parties and privies is subject to an exception in favor of the master

whose liability is purely derivative and dependent entirely upon the doctrine of *respondeat superior.* *Leary v. Land Bank, supra,* and cases cited. *Good Health Dairy Products, Inc., v. Emery,* 112 A. L. R., 401; Anno. A. L. R., 404. The exception is only an exemplification of the broad rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of him from whom his liability is derived. Freeman on Judgments (5th Ed.), p. 1031.

It is an obvious principle of justice that no man ought to be bound by a proceeding to which he is a stranger. *Gadsden v. Crafts,* 175 N. C., 358, 95 S. E., 610; 1 Greenleaf on Evidence, sec. 522-23. Hence, a judgment against the agent is not conclusive in an action against the principal. *Gadsden v. Crafts, supra.*

When the trial court sustained the motion of nonsuit as to the appellant in the first trial it had no connection with the subsequent proceedings of the court. It had no opportunity to be heard on the issues presented and its rights are not decided by the verdict. Therefore, it is not estopped by the judgment from undertaking to minimize the damages and to contest the amount to be awarded. *Watts v. Lefler,* 190 N. C., 722.

We conclude, therefore, that the original judgment, in so far as it fixes the maximum limit of liability is, as to plaintiff, conclusive and that the defendant is entitled to its day in court with full opportunity to defend on each of the pertinent issues raised by the pleadings. It follows that the court erred in declining to instruct the jury as prayed by defendant.

The first and third issues have been submitted to two juries, each of which answered them in favor of the plaintiff. We have held that the evidence on the first issue is sufficient to support the verdict. We can perceive no good reason why the plaintiff should again be put to trial thereon. Hence, the verdict on these issues must stand. On the second and fourth issues, which determine defendant's liability, there must be a new trial.

Partial new trial.