## F. L. TAYLOR v. DENTON HATCHERY, INC.

(Filed 14 January, 1960.)

**1. Judgments § 29—**

An adjudication on the merits in plaintiff's action against an employee or agent individually is *res judicata* on the issue of negligence and bars a subsequent action by the plaintiff against the employer or principal sought to be held liable solely upon the doctrine of *respondeat superior*.

APPEAL by plaintiff from *Phillips, J.*, May 1959 Civil Term, of MONTGOMERY.

On 10 November 1955 plaintiff, while driving his automobile northwardly along State Highway 109 about nine miles north of Denton, N. C., was involved in a collision with an automobile owned and being driven by E. M. Hunt. For the purposes of this appeal, it is admitted that Hunt was president of defendant, Denton Hatchery, Inc., and was about his duties as president, agent and employee of defendant at the time of the collision. Both automobiles and both drivers were injured.

Plaintiff instituted an action against E. M. Hunt, individually, in the Superior Court of Moore County. Plaintiff alleged that he had suffered personal and property damage because of the actionable negligence of Hunt in causing the collision. Plaintiff alleged that Hunt was negligent in that he (1) was driving in a reckless manner in violation of G.S. 20-140, (2) was driving at an excessive speed in violation of G.S. 20-141, (3) failed to keep a reasonable lookout, (4) failed to keep his vehicle under proper control, (5) drove to the left of the center of the highway in violation of G.S. 20-148, and (6) failed to take proper precautions to prevent injury to others. Hunt answered, denied the material allegations of the complaint, pleaded contributory negligence and set up a counterclaim for personal and property damages. Plaintiff replied, denied the material allegations of the counterclaim and pleaded contributory negligence. This cause came on for trial at the September 1957 Term of Moore County. The verdict of the jury was that neither of the parties was damaged by the negligence of the other. From judgment in conformity to the verdict plaintiff and Hunt both appealed. This Court found no error in the trial. *Taylor v. Hunt*, 248 N.C. 330, 103 S.E. 2d 287. There had been a prior appeal in this cause. *Taylor v. Hunt*, 245 N.C. 212, 95 S.E. 2d 589. These decisions set out the factual and procedural situations in more detail.

After the termination of the action referred to in the preceding paragraph, plaintiff learned that E. M. Hunt was president, agent and employee of defendant, Denton Hatchery, Inc., at the time of the accident. Plaintiff instituted the present action. The allegations of the complaint in the present action, including the specific allegations of negligence, are identical with those in the case of *Taylor v. Hunt*, above referred to, except that in the present action it is alleged that E. M. Hunt, at the time of the collision in question, was agent and employee of defendant and "was acting in the scope of his authority and employment and in the furtherance of his duties" as such.

Defendant herein filed answer and, *inter alia*, pleaded the judgment, judgment roll and Supreme Court decisions in the case of *Taylor v. Hunt* as an estoppel to the maintenance of the present action and alleged that the matters and things involved in the present action are *res judicata*.

Plaintiff demurred to this plea in bar on the grounds that there was lack of privity between E. M. Hunt and defendant and the prior suit was against E. M. Hunt as an individual and not in his representative capacity as agent of defendant.

The court overruled the demurrer. At the hearing on the demurrer

plaintiff admitted that the factual allegations in the plea in bar are true. Therefore the court dismissed the action.

From judgment overruling the demurrer and dismissing the action plaintiff appealed and assigned error.

*David H. Armstrong for plaintiff, appellant.*
*W. D. Sabiston, Jr., for defendant, appellee.*

MOORE, J.   There is a single question for decision on this appeal. Is the judgment in the case of *Taylor v. Hunt,* referred to above, *res judicata* of the matters alleged in the complaint and is it a bar to the prosecution of the instant action? The question must be answered in the affirmative.

"While a person injured by the tort of a servant may bring suit against either the master or servant, a recovery against the master has been held to bar a subsequent action against the servant, and a recovery against the servant has been held to bar a subsequent action against the master, or, at least, to fix the maxium limit of the master's liability; and, where plaintiff in an action against an employee is defeated on the merits, the judgment is generally regarded as a bar to a subsequent action against the employer, and vice versa, at least when the master is not guilty of any independent or concurrent wrong, but must be held, if at all, under the doctrine of respondeat superior." 50 C.J.S., Judgments, sec. 757, p. 279.

Plaintiff first sued Hunt, the agent, and was defeated on the merits. In the case at bar there is no allegation that defendant, the principal, was guilty of any independent or concurrent wrong. The principal, if liable at all, must be held under the doctrine of *respondeat superior.* Therefore the judgment in the suit against Hunt bars the maintenance of the present action.

The applicable principle of law has been repeatedly stated in decisions of this Court. In *Pinnix v. Griffin,* 221 N.C. 348, 350, 20 S.E. 2d 366, it is said: "We have held that the verdict and judgment against the plaintiff on the issue of negligence in an action against the servant is conclusive and bars a later action by the same plaintiff against the principal. This is the law when the master is not guilty of any independent or concurrent wrong but must be held, if at all, under the doctrine of *respondeat superior.*" Holdings to the same effect appear in *Stone v. Coach Co.,* 238 N.C. 662, 664, 78 S.E. 2d 605; *Leary v. Land Bank,* 215 N.C. 501, 506, 2 S.E. 2d 570; *Morrow v. R. R.,* 213 N.C. 127, 129, 195 S.E. 383; *Whitehurst v. Elks,* 212 N.C. 97, 98, 192 S.E. 850.

Ordinarily, in order for a judgment to constitute an estoppel there must be identity of parties, subject matter and issues, and only parties and privies are barred and estopped by a judgment. But, conceding that Hunt and defendant are not in privity, the factual situation presented by the case at bar is an exception to the general rule. *Leary v. Land Bank, supra,* and the authorities therein cited and discussed.

Plaintiff makes the ingenious argument that the negligent conduct complained of was the direct act of defendant, since a corporation can act only through agents. He further contends that the suit against Hunt as an individual was improper since he was acting in his representative, rather than his individual, capacity. To so hold would work a denial of an injured plaintiff's option to sue either the principal or agent or both. That he has this option and right is repeatedly stated in the authorities above cited. See also *Trust Co. v. R. R.,* 209 N.C. 304, 309, 183 S.E. 620. Plaintiff's contention is without merit.

The further contentions of plaintiff have no merit. The ruling of the court below is in accord with settled principles of law.

Affirmed.