BENJAMIN LEWIS BARNES, by his Guardian Ad Litem, MRS. JAMES UNDERWOOD, and FLOYD P. BARNES v. CURTIS McGEE, THE YOUNG MEN'S CHRISTIAN ASSOCIATION (Y.M.C.A.), and THE GENERAL GREENE COUNCIL BOY SCOUTS OF AMERICA

No. 7418SC98

(Filed 17 April 1974)

1. Judgments § 36— judgment in favor of employee — action against employer

A judgment on the merits in favor of an employee precludes any action against the employer where the employer's liability is purely derivative.

2. Judgments § 36; Rules of Civil Procedure § 41— voluntary dismissal with prejudice as to employee — action against employer

In an action against a Y.M.C.A. and its employee to recover for injuries allegedly caused by negligence of the employee while he was acting as the servant of the Y.M.C.A., a judgment of voluntary dismissal with prejudice as to the employee was a judgment on the merits and precluded plaintiff from proceeding against the Y.M.C.A. G.S. 1A-1, Rule 41(a)(2).

APPEAL by plaintiffs from *Lupton, Judge,* 11 June 1973 Civil Session of Superior Court held in GUILFORD County.

Plaintiffs filed their complaint on 22 May 1972 to recover for damages arising out of an accident which occurred on 23 May 1969. Plaintiffs contended that the minor plaintiff was injured by the negligence of defendant McGee while McGee was acting as the servant of defendant Y.M.C.A. within the course and scope of his employment. At the close of all the evidence, defendant Y.M.C.A.'s motion for directed verdict was granted. On 15 June 1973, judgment was entered dismissing the action as to the Y.M.C.A. Defendant McGee's motion for directed verdict was denied. In open court plaintiffs announced that they submitted to a voluntary dismissal of their claim against defendant McGee. Thereafter, on 30 July 1973, the following judgment was entered:

"THIS CAUSE COMING ON TO BE HEARD upon the motion of the plaintiffs for the entry of an order allowing plaintiffs to submit to a voluntary dismissal without prejudice as to the defendant Curtis McGee pursuant to G.S. 1A-1, Rule 41(a)(2), Rules of Civil Procedure; and it appearing to the Court that this case was duly calendared for trial and called for trial at the June 11, 1973 Civil Session of Superior

Court of Guilford County, Greensboro Division, and at the close of all the evidence and after the defendant The Young Men's Christian Association had made its motion for a directed verdict and after the said defendant's motion for a directed verdict was granted, the plaintiffs, in open court, announced to the Court that they wanted to submit to a voluntary dismissal of the action as to the defendant Curtis McGee; that at that time, the undersigned judge discussed with the attorney for the plaintiffs the effect of such a voluntary dismissal, at which time the attorney for plaintiffs gave the plaintiffs' reasons for wanting to submit to a voluntary dismissal, i.e., among other things, that the defendant Curtis McGee was judgment proof; that at that time the plaintiffs understood that a dismissal of the action as to the defendant Curtis McGee might be with prejudice; that the Court allowed the plaintiffs to submit to a voluntary dismissal of the action as to the defendant Curtis McGee, dismissed the jury which had been empaneled to try the issues and, thereafter, signed the judgment, which appears of record, pertaining to the defendant The Young Men's Christian Association; that before the session adjourned, the undersigned judge instructed the attorney for plaintiffs to prepare a judgment of voluntary dismissal of the action as to the defendant Curtis McGee; that after the Court adjourned, the plaintiffs moved the Court to allow the plaintiffs to submit to a voluntary dismissal without prejudice as to the defendant Curtis McGee; and after having considered the plaintiffs' motion, the Court was of the opinion that the motion for the entry of an order allowing such dismissal to be without prejudice should be denied:

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiffs' motion for the entry of a judgment of dismissal without prejudice as to the defendant Curtis McGee shall be and the same is hereby denied; and it is further ORDERED, ADJUDGED AND DECREED that the plaintiffs' motion for a judgment of dismissal as to the defendant Curtis McGee shall be and the same is hereby allowed; and it is further ORDERED that the plaintiffs' action against the defendant Curtis McGee is hereby dismissed with prejudice."

Plaintiffs appealed from the judgment allowing defendant Y.M.C.A.'s motion for a directed verdict but do not appeal from

Barnes v. McGee

the judgment entered 30 July 1973 dismissing, with prejudice, plaintiffs' action against McGee.

*Smith, Moore, Smith, Schell & Hunter by Richmond G. Bernhardt, Jr., and Vance Barron, Jr., for plaintiff appellants.*

*Henson, Donahue & Elrod by Perry C. Henson and Richard L. Vanore for defendant appellee.*

VAUGHN, Judge.

[1]  A judgment on the merits in favor of the employee precludes any action against the employer where, as here, the employer's liability is purely derivative. *Taylor v. Hatchery, Inc.*, 251 N.C. 689, 111 S.E. 2d 864; *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366.

[2]  If the judgment dismissing plaintiffs' action against the employee, McGee, is a judgment on the merits, plaintiffs' right to proceed against the employer has been proscribed. In that event alleged errors in dismissing the action against the employer are without practical significance and should not be reviewed on appeal. *Kendrick v. Cain*, 272 N.C. 719, 159 S.E. 2d 33.

Except as provided by subsection (1) of Rule 41(a), no action or claim therein shall be dismissed at the plaintiff's instance except upon such terms as the judge may determine that justice requires. G.S. 1A-1, Rule 41(a)(2). In this case the judge determined that the dismissal was to be "with prejudice." "A judgment of dismissal with prejudice gives the defending party the basic relief to which he is entitled as to the claim so dismissed." 5 Moore, Federal Practice, § 41.05(2), p. 1066. A dismissal "with prejudice" is the converse of a dismissal "without prejudice" and indicates a disposition on the merits. It is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff. 46 Am. Jur. 2d, Judgments § 482, p. 645. "Dismissal with prejudice, unless the court has made some other provision, is subject to the usual rules of res judicata and is effective *not only on the immediate parties but also on their privies.*" (Emphasis added.) 9 Wright and Miller, Federal Practice and Procedure, § 2367, p. 185-86.

Plaintiffs elected to sue both the employee McGee and the employer. After all the evidence was in, they elected voluntarily

to dismiss the action against the employee and proceeded to do so with the knowledge that the dismissal could be with prejudice. It is clear that the dismissal of plaintiffs' claim against the employee "with prejudice" bars further prosecution of that claim against the employee and, insofar as he is concerned, is equivalent to a judgment on the merits in his favor. We are of the opinion that the dismissal should have the same result for the employer whose liability, if any, is derived solely from that of the employee.

There is authority contrary to our opinion in this case. *See, e.g., State of Maryland v. Baltimore Transit Co.*, 38 F.R.D. 340 (D. Md.) ; *Denny v. Mathieu*, 452 S.W. 2d 114 (Mo.). We do not, however, find the reasoning in those cases and others reaching similar results to be persuasive.

We think the words "with prejudice" are plain and should be given their plain meaning. If this practice is followed in the interpretation of all of our new Rules of Civil Procedure, much litigation can be avoided. It should not be necessary for the court in this and other cases to look behind the words "with prejudice" to determine the meaning of the court in its judgment of dismissal. The judge, in his discretion, could have dismissed the action on such other terms as he, in his discretion, determined that justice required.

For the reasons stated, the propriety of the directed verdict in favor of the employer is now academic. The appeal is, therefore, dismissed.

Appeal dismissed.

Judges BRITT and PARKER concur.