## CAMERON HOSPITALITY, INC. v. CLINE DESIGN ASSOCS., PA

[223 N.C. App. 223 (2012)]

CAMERON HOSPITALITY, INC. AND JOHN W. POWERS, PLAINTIFFS v. CLINE DESIGN ASSOCIATES, PA, INLAND CONSTRUCTION COMPANY, SABER ENGINEERING, PA, ROSS & WITMER, INC., COLUMBIA CAMERON VILLAGE, LLC, AND YORK PROPERTIES INC. OF RALEIGH, DEFENDANTS ROSS & WITMER, INC., COLUMBIA CAMERON VILLAGE, LLC, AND YORK PROPERTIES INC. OF RALEIGH, THIRD-PARTY PLAINTIFFS v. RICKY HALL'S PLUMBING, INC., THIRD-PARTY DEFENDANT

No. COA12-522

(Filed 6 November 2012)

**Appeal and Error—interlocutory orders—denial of motion for summary judgment—no substantial right**

Saber Engineering PA and Ross & Witmer Inc.'s appeal in a construction defect case from the denial of their motions for summary judgment was dismissed because it was from an interlocutory order and did not affect a substantial right. Further, the doctrine of *respondeat superior* was inapplicable.

Appeal by Defendants Saber Engineering, PA, and Ross & Witmer, Inc., from order entered 29 September 2011 by Judge Howard E. Manning, Jr., in Wake County Superior Court. Heard in the Court of Appeals 11 October 2012.

> *The Law Offices of F. Bryan Brice, Jr., by F. Bryan Brice, Jr., Catherine Cralle Jones, and Matthew D. Quinn, and Harris, Winfield, Sarratt & Hodges, LLP, by Donald J. Harris, John L. Sarratt, and H. Clay Hodges, for Plaintiff Cameron Hospitality, Inc.*

> *Allen, Moore & Rogers, L.L.P., by Joseph C. Moore, III, and John C. Rogers, III, for Defendant Saber Engineering, P.A.*

> *McAngus, Goudelock & Courie, PLLC, by Mary M. Webb and E. Lang Hunter, for Defendant Ross & Witmer, Inc.*

STEPHENS, Judge.

### *Procedural History and Factual Background*

This construction defect action arises from the 2004—2006 renovation of a restaurant operated by Plaintiff Cameron Hospitality, Inc., ("Cameron"). Cameron's remodeling project included, *inter alia*, renovation of the property's HVAC system. Cameron hired Cline Design Associates, P.A., ("Cline") as architect and Inland Construction Company ("Inland") as general contractor. In turn, Cline hired Appellant-

defendant Saber Engineering, P.A., ("Saber") as engineer, and Inland hired Appellant-defendant Ross & Witmer, Inc., ("R&W") as the HVAC subcontractor. Following renovation, the restaurant was plagued with a bad odor, which Cameron alleged was a result of flaws in the HVAC renovation. The restaurant was forced to close down for extensive periods and suffered a decline in business once it reopened in 2008.

On 12 February 2009, Cameron filed a verified amended complaint against Cline and other parties involved with the renovation, including, *inter alia*, Inland, Saber and R&W. On 10 August 2009, Cameron filed a notice of voluntary dismissal with prejudice of all claims against Inland. On 8 November 2010, Cameron filed a notice of voluntary dismissal with prejudice of all claims against Cline. On 1 and 24 August 2011, R&W and Saber, respectively, filed motions for summary judgment.

Following a hearing on the motions, on 29 September 2011, the trial court entered an order denying summary judgment to Saber and R&W. On 25 October 2011, Saber and R&W gave notice of appeal from the order denying summary judgment. Saber and R&W also sought a hearing in the trial court as to whether the summary judgment order was immediately appealable. On 5 April 2012, Cameron filed a motion and affidavit for dismissal of the appeal. Following a hearing, the trial court entered an order on 25 April 2012 denying Cameron's motion to dismiss the appeal and concluding that the interlocutory appeal by Saber and R&W affected a substantial right and was thus immediately appealable. On 26 June 2012, Cameron moved this Court to dismiss the appeal, contending that it is interlocutory and does not affect a substantial right of either Saber or R&W. We agree and dismiss.

## Discussion

As noted *supra*, during discovery, Cameron voluntarily dismissed with prejudice Cline and Inland. The subsequent motions for summary judgment by Saber and R&W were based upon an assertion that Saber and R&W were agents of Cline and Inland, respectively, and that Cameron's dismissal of the principals (Cline and Inland) acted as *res judicata* and/or collateral estoppel as to Cameron's claims against Saber and R&W.

This appeal, arising from the denial of motions for summary judgment, is interlocutory. *McCallum v. North Carolina Co-op. Extension Serv. of N.C. State University*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 230 (citation omitted), *appeal dismissed and disc. review*

*denied*, 353 N.C. 452, 548 S.E.2d 527 (2001). "As a general rule, a moving party may not appeal the denial of a motion for summary judgment because ordinarily such an order does not affect a substantial right." *Bockweg v. Anderson*, 333 N.C. 486, 490, 428 S.E.2d 157, 160 (1993) (quotation marks omitted). "In deciding what constitutes a substantial right, it is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Patterson v. DAC Corp. of North Carolina*, 66 N.C. App. 110, 112, 310 S.E.2d 783, 785 (1984) (citation, quotation marks, and brackets omitted).

In some cases, "the denial of a motion for summary judgment based on the defense of *res judicata may* affect a substantial right, making the order immediately appealable." *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161 (emphasis added). In *Bockweg*, our Supreme Court noted:

> Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them. Thus, a motion for summary judgment based on *res judicata* is directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend against the same claim by the same plaintiff, or one in privity with that plaintiff. Denial of the motion could lead to a second trial in frustration of the underlying principles of the doctrine of *res judicata*.

*Id.* (citation omitted). Relying on this reasoning, this Court has recently reaffirmed that "the denial of a motion for summary judgment based upon the defense of *res judicata may involve a substantial right* so as to permit immediate appeal *only where a possibility of inconsistent verdicts exists* if the case proceeds to trial." *Heritage Operating, L.P. v. N.C. Propane Exch., LLC*, ___ N.C. App. ___, ___, 727 S.E.2d 311, 314 (2012) (citations and quotation marks omitted) (emphasis added).

Here, Cameron dismissed with prejudice all claims against Cline and Inland, and a voluntary dismissal with prejudice is a final adjudication on the merits. *See Caswell Realty Assocs. I, L.P. v. Andrews Co.*, 128 N.C. App. 716, 721, 496 S.E.2d 607, 611 (1998). Saber and R&W contend that, under the doctrine of *respondeat superior*, these dismissals serve as *res judicata* as to Cameron's claims against them as well. We are not persuaded.

CAMERON HOSPITALITY, INC. v. CLINE DESIGN ASSOCS., PA

[223 N.C. App. 223 (2012)]

Under a theory of *respondeat superior*, the principal's liability is derivative, arising from the acts of the agent. *See Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974). Accordingly, where the agent has no liability, there is nothing from which to derive the principal's liability under the doctrine. *Id.* Applying this reasoning, the appellate courts of this State have repeatedly held that a final adjudication on the merits that an agent bears no liability acts as *res judicata* to prevent an attempt to pursue derivative claims against the principal. *See, e.g., Reid v. Holden*, 242 N.C. 408, 88 S.E.2d 125 (1955); *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E.2d 366 (1942); *Leary v. Virginia-Carolina Joint Stock Land Bank*, 215 N.C. 501, 2 S.E.2d 570 (1939); *Morrow v. S. Ry. Co.*, 213 N.C. 127, 195 S.E. 383 (1938); *Whitehurst v. Elks*, 212 N.C. 97, 192 S.E. 850 (1937) *(per curiam)*;[1] *Graham v. Hardee's Food Systems, Inc.*, 121 N.C. App. 382, 465 S.E.2d 558 (1996); *Barnes, supra.* In the case before us, the opposite situation is presented: only Cline and Inland, the purported principals, have been determined to have no liability. There has been no final adjudication of liability as to purported agents Saber and R&W.[2] Thus, neither the doctrine of *respondeat superior* nor the reasoning behind the cases cited by Saber and R&W is applicable here.

Further, we note that while the doctrine of *respondeat superior* is commonly applied to impute liability for torts committed by an employee to his employer, *McGee*, 21 N.C. App. at 289, 204 S.E.2d at 205, "[t]he general rule is that a company is not liable for the torts of an independent contractor committed in the performance of the contracted work." *Coastal Plains Utils., Inc. v. New Hanover Cnty*, 166 N.C. App. 333, 344, 601 S.E.2d 915, 923 (2004). While

the principal must have the right to control both the means and the details of the process by which the agent is to accomplish his

---

1. We acknowledge that the Supreme Court in *Whitehurst* stated that, "[w]here the relation between two parties is analogous to that of principal and agent, or master and servant, or employer and employee, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against [the] plaintiff's right of action against the other." 212 N.C. at 98, 192 S.E. at 851. We note, however, that this statement was *dicta* as to the effect of a judgment in favor of a principal on the plaintiff's right of action against an agent as that circumstance was not presented in the case before the Court. *Id.* at 97, 192 S.E. at 850. There is no case in this State holding that the dismissal of the principal requires release of claims against the agent.

2. The liability of an agent may be entirely independent of his principal's liability; for example, the agent may have acted outside the scope of his employment. *See Parker v. Erixon*, 123 N.C. App. 383, 391, 473 S.E.2d 421, 426 (1996). In such situations, unlike in the *respondeat superior* cases, there is no risk of an "inconsistent" verdict.

CAPITAL RES., LLC v. CHELDA, INC.

[223 N.C. App. 227 (2012)]

task in order for an agency relationship to exist[,] . . .[a]n independent contractor . . . is one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work.

*Id.* at 344-45, 601 S.E.2d at 923 (citations, quotation marks, and emphasis omitted). Cameron's complaint alleges that Saber and R&W were subcontractors of Cline and Inland, respectively, not the agents of those entities.

For the reasons discussed *supra*, the doctrine of *respondeat superior* is inapplicable here. Because the denial of their motions for summary judgment does not affect a substantial right, Saber and R&W have failed to establish grounds for immediate appellate review of that interlocutory order. *See Bockweg*, 333 N.C. at 490, 428 S.E.2d at 160. Accordingly, this appeal is

DISMISSED.

Judges GEER and MCCULLOUGH concur.