## HOMANS et al. v. TYNG.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. ATTORNEY AND CLIENT—AUTHORITY—JUDGMENT.
   An attorney authorized to collect a judgment cannot be heard to oppose an amendment reducing the amount of recovery to which his client has consented, where there is nothing preventing the client from consenting to the reduction.

2. JUDGMENT—RELEASE—CONSIDERATION—SEAL.
   Code Civ. Proc. § 840, making a seal on an executory instrument only presumptive evidence of a consideration, does not apply to an instrument under seal, by which parties beneficially interested in a judgment have released their interest therein, and they cannot question the validity of the release on the ground that no consideration was paid.

3. SAME—AMENDMENT—REDUCING RECOVERY.
   Where a portion of a claim on which a judgment is based is released by parties entitled to such portion, and the person entitled to enforce the judgment consents to an amendment reducing the amount of recovery to the amount to which the claim is reduced by such release, the court is justified in ordering the amendment.

4. EXECUTION—AMENDMENT.
   Where a party entitled to enforce a judgment on which execution has been issued consents to an amendment of the judgment reducing the amount of recovery, the court is not authorized to vacate the execution, but should reduce it to the amount to which the judgment is reduced.

Appeal from special term, New York county.

Action by Susan T. Homans and Alexander G. Tyng, as executors of Susan Wilson Tyng, deceased, against Charles Rockland Tyng. From an order amending the judgment, plaintiffs appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PAT-TERSON, and INGRAHAM, JJ.

Morris A. Tyng, for appellants.
John W. Weed, for respondent.

INGRAHAM, J. These plaintiffs commenced this action to recover upon a judgment obtained against the defendant by the plaintiffs' intestate, which was entered upon a confession of judgment in the marine court of the city of New York on April 19, 1877. Before the judgment in this action was entered, an instrument dated April 16, 1897, was made, wherein Alexander G. Tyng, of the city of Peoria and state of Illinois, Thomas Michell Tyng and Susan Tyng Homans, of the town of Irvington and state of New York, and Stephen Higginson Tyng, of the city of Paris and republic of France, and Morris Ashurst Tyng, of the city of Summit and state of New Jersey, were named as parties of the first part, and Charles Rockland Tyng, of the city, county, and state of New York, party of the second part, which recited that a judgment was entered on the 19th day of April, 1877, in the city court of New York, in favor of Stephen H. Tyng against the defendant, and that the said judgment was a part of the estate of Susan Wilson Tyng, deceased, in the assets of which said estate the said parties of the first and second parts are interested as legatees, and are the only legatees interested therein; and provided that the said parties of the first part, in consideration of the sum of

one dollar, "have granted, released, discharged, and set over, and by these presents do grant, release, discharge, and set over, unto the said party of the second part, all right, title, and interest of any kind whatsoever which each of the said parties of the first part have or may have in said judgment, * * * and that each and every of said parties of the first part has hereby received full and complete satisfaction of the same." This instrument was executed by all of those parties of the first part except Morris A. Tyng, who was then acting as attorney for the plaintiffs in this action. There was also an affidavit of the plaintiff in this action, who deposed that her co-plaintiff died on the 15th of August, 1898, and that she was the sole surviving plaintiff in the action; that this action was brought for the purpose of renewing a claim upon an old judgment recovered on the 19th day of April, 1877, which has almost expired by limitation, and was obtained upon the insistence of Morris A. Tyng; that the old judgment was an asset of the estate of Susan W. Tyng, for which the deponent and her co-executor were liable to account; that "the beneficial interest in said original and renewed judgment was equally shared in by all the children of said Susan W. Tyng, deceased, viz. one-sixth in each; I and all of said children, except said Morris A. Tyng, joined in a release, in the possession of the defendant, of all claim upon said original judgment, and the beneficial interest in said renewed judgment is only claimed by said Morris A. Tyng;" that the deponent had not authorized the issue of any execution since the recovery of the judgment in this action, although Morris A. Tyng was authorized by deponent and her co-executor to collect the original judgment, and, as the deponent believed that no claim exists against the defendant, Charles R. Tyng, upon the judgment recovered in the action, beyond the one-sixth beneficial interest therein of Morris A. Tyng, "I am ready and willing that the same should be reduced to one-sixth of its amount." This affidavit was duly verified. Upon this instrument and the consent of the sole surviving plaintiff in the action a motion was made at the special term to reduce the judgment to one-sixth thereof. Notice of this motion appears to have been served on Morris A. Tyng, who had appeared as attorney for the plaintiff in the action. Morris A. Tyng appeared and opposed the motion, although it does not appear from the order that he appeared as counsel for the plaintiff. He submitted an affidavit of his own, in which he stated that he had never heard of the alleged agreement of April 16, 1897, a copy of which was part of the moving papers, until November 20, 1900, and that he never received a copy thereof until the papers on the motion were served upon him. There was also presented an affidavit of T. Michell Tyng, who was one of the parties who had received the instrument of April 16, 1897, in which he says that this instrument dated April 16, 1897, signed by himself and certain of his family, was "prepared and executed by me, and the other signatures were procured at my instance, for use in the defense of the pending action against the defendant on the former judgment in the marine court," and it was so prepared and signed by the deponent, and he believes by others, upon the express agreement that it was not to become effective as to any of the parties

named in the caption thereof unless all should execute it; that one of the deponent's brothers refused to execute it, and for that reason the instrument was not pleaded as such defense and was abandoned; and that the instrument is further invalid, as there was no consideration.

If this motion had been opposed by the sole surviving plaintiff, who has the right to determine whether the judgment should be enforced and to what extent it should be enforced, it is possible that it should not have been granted; but the plaintiff, by her affidavit, submitted as a part of the moving papers, consents to the reduction of the judgment to the amount of which the court reduced it. While the attorney who appeared for the plaintiff was served with the notice of the application to reduce the judgment, he had no authority to oppose it, as his client had by affidavit expressly consented that it be granted. It is a general rule that the authority of an attorney ends with the entry of judgment, or with the end of the proceedings brought to review the judgment; and, while it may be inferred from the affidavits here that Morris A. Tyng had authority to enforce this judgment, nothing appears that prevented the plaintiff in person from consenting that the judgment be reduced, and in the face of that consent I fail to see upon what principle Morris A. Tyng can be heard to oppose the granting of the motion to which his client had consented, or to appeal from the order carrying out his client's consent. We are not concerned on this appeal with the dispute in this family as between themselves, and whether Morris A. Tyng, or his brother T. Michell Tyng, can hold the plaintiff responsible for any injury that they may sustain by reason of her consent in the reduction of this judgment. The judgment is held by the plaintiff, and nothing appears to justify the court in refusing to carry out her expressed consent in relation thereto. As to T. Michell Tyng, he duly signed and acknowledged the agreement by which he released all his right, title, and interest in this judgment to the defendant. That instrument was under seal and acknowledged, and, as the instrument was not executory in its character, the provisions of section 840 of the Code, making a seal upon an executory instrument only presumptive evidence of a consideration, do not apply. I can see no reason why the court upon this executed instrument, and upon the consent of the plaintiff in the action, was not justified in reducing this judgment. The plaintiff, however, did not consent to set aside the execution, and she was justified in appealing from the order so far as it granted relief in excess of that to which she had consented, and, while the execution should be reduced to the amount to which the judgment has been reduced, it should not have been vacated.

The order appealed from is therefore modified by reducing the execution issued to enforce this judgment to $678.34, with interest from the date of judgment, and as so modified affirmed, without costs. All concur.