J. M. BROWN ET AL. V. NORFOLK SOUTHERN RAILROAD
COMPANY ET AL.

(Filed 18 September, 1935.)

**Torts C a—Judgment debtors held entitled to have judgment credited with
sum paid by joint tort-feasors for covenant not to sue.**

Where some of defendants, sued as joint tort-feasors, pay plaintiff a
sum in consideration of a covenant not to sue, and as to them plaintiff
takes a voluntary nonsuit, and thereafter the action is prosecuted against
the other defendants, and judgment recovered against them, the defend-
ants against whom judgment was entered are entitled to have the judg-
ment credited with the amounts paid by the other defendants for the
covenant not to sue upon their motion made prior to execution, the motion
coming within the spirit if not the letter of C. S., 620, and movants not
being barred by their laches either in failing to bring the matter to the
trial court's attention at the time of rendition of judgment, since the
matter appeared on the face a judgment in the cause, or in waiting until
issuance of execution, the execution still being in the hands of the sheriff.

APPEAL by defendants, Fry and Garner, from *Shaw, Emergency
Judge,* at February Term, 1935, of MOORE.

Motion to credit judgment with partial payment and modify execu-
tion accordingly.

The plaintiffs instituted an action against D. B. Archbell, Norfolk
Southern Railroad Company, C. F. Garner, and C. C. Fry, alleging an
unlawful conspiracy in restraint of trade, C. S., 2563, which action was
nonsuited at the September Term, 1929, Moore Superior Court, and
reversed on appeal. *Lewis v. Archbell,* 199 N. C., 205, 154 S. E., 11.

Thereafter, on 15 September, 1931, the plaintiffs came into court and
suffered a voluntary nonsuit as to D. B. Archbell and Norfolk Southern
Railroad Company, agreeing in open court not to sue said defendants
"for any matter or thing growing out of or alleged in the complaint in
this cause."

The cause then came on for trial against the defendants, C. C. Fry
and C. F. Garner, at the September Term, 1933, Moore Superior Court,
and resulted in verdict and judgment for plaintiffs. The jury fixed the
damages at $600 and judgment was rendered for treble this amount as
provided by C. S., 2574. On appeal, the judgment was affirmed. *Lewis
v. Fry,* 207 N. C., 852.

The present motion was filed 29 December, 1934, while execution was
in the hands of the sheriff, and heard at the February Term, 1935,
Moore Superior Court. From judgment dismissing the motion, defend-
ants appeal, assigning errors.

*H. F. Seawell, Jr., for plaintiffs.*
*W. R. Clegg, J. H. Scott, and L. B. Clegg for defendants.*

STACY, C. J., after stating the case: His Honor was evidently of the opinion that the failure to bring the matter to the attention of the court at the time of trial, as was done in *Holland v. Utilities Co., ante,* 289, deprived movants of their right to have the judgment (not verdict) credited with the amount paid plaintiffs by their codefendants for the covenant not to sue. *Homans v. Tyng,* 67 N. Y. Supp., 792. Ordinarily, this view might prevail (*lex reprobat moram, Battle v. Mercer,* 188 N. C., 116, 123 S. E., 258) but for the fact that the matter appears on the face of a judgment entered in the cause.

It is provided by C. S., 620, that payments made upon docketed judgments and not entered of record, may be credited upon motion and hearing. True, the amount received by plaintiffs for the covenant not to sue some of the defendants was not strictly within the terms of this statute, nevertheless it would seem to be within its spirit. The payment inured to the benefit of movants. *Holland v. Utilities Co., supra,* It was said in *Homans v. Tyng, supra,* that where a party entitled to enforce a judgment, on which execution has issued, consents to an amendment of the judgment, reducing the amount of recovery, the proper procedure is not to vacate the execution but reduce it in accordance with the agreement.

That movants are not entirely out by their laches—the execution being still in the hands of the sheriff—is supported, in tendency at least, by what was said, and the authorities cited, in *Williams v. Dunn,* 158 N. C., 399, 74 S. E., 99.

Error.