Houston **PEARSON**, Appellant,

v.

Rufus **JACOBS**, Appellee.

No. 6608.

Court of Civil Appeals of Texas.

Amarillo.

June 4, 1956.

Rehearing Denied Sept. 5, 1956.

Huff & Splawn, Lubbock, for appellant.

Klett, Evans, Trout & Jones, Lubbock, for appellee.

MARTIN, Justice.

Appellant, Houston Pearson, sued Lubbock Bus Company and recovered actual damages in the amount of $35,400 which sum was paid to Pearson by Lubbock Bus Company. The suit was based upon an automobile and bus collision caused by the negligence of appellee, Rufus Jacobs, who was the bus operator for Lubbock Bus Company. Lubbock Bus Co. v. Pearson, Tex.Civ.App., 277 S.W.2d 186. In the present cause of action, appellant sued appellee solely for exemplary damages based upon alleged gross negligence of the appellee with reference to the collision. When the trial court was advised that the judgment against Lubbock Bus Company had been paid, he dismissed the suit against Jacobs, appellee herein. Appellant perfected an appeal and by one point of error asserts the trial court erred in dismissing the suit with prejudice to appellant.

The trial court correctly dismissed the appellant's suit against the appellee under the principles of law set forth herein. "It is a universal rule that where there has been a judgment against one of two or more joint tort-feasors, followed by an acceptance of satisfaction, all other tort-feasors are thereby released, and the judgment and satisfaction may be successfully pleaded by them to the maintenance of the same or another suit by the same plaintiff involving the same cause of action; * * *." Hunt v. Ziegler, Tex.Civ. App., 271 S.W. 936, 938 [4, 5], affirmed Tex.Com.App., 280 S.W. 546. A further principle of law sustains the action of the trial court. "The doctrine is well settled in this state, that there can be no recovery of exemplary damages on an alleged cause of action, in the absence of a recovery of actual damages therein." Piper v. Duncan, Tex.Civ.App., 131 S.W.2d 397, 398 [1] (writ refused). Also see Brandtjen & Kluge, Inc., v. Manney, Tex.Civ.App., 238 S.W.2d 609 (Syl. 5, 6), and Byrd v. Feilding, Tex.Civ.App., 238 S.W.2d 614 (Syl. 2, 3). Nor does the law permit the recovery of actual damages against the principal and only exemplary damages against the agent. Hughes v. Belman, Tex.Civ.App., 200 S.W.2d 431.

The judgment of the trial court is affirmed.