SPENCER ALEXANDER SIMPSON, JR. v. MARY C. (CRENSHAW) PLYLER, ADMINISTRATRIX OF FURMAN LEE CRENSHAW, JR., DECEASED, AND CHARLOTTE FLORIST SUPPLY COMPANY.

(Filed 11 January 1963.)

**1. Torts § 2—**
Joint tort-feasors are persons who act together in committing a wrong, or persons who, independently and without concert of action or unity of purpose, commit separate acts which concur as to time and place and unite in proximately causing injury.

**2. Torts § 1—**
A person injured by the negligence of joint tort-feasors has a single and indivisible cause of action for all resulting damages, which action he may bring against any one or more of the tort-feasors or all of them together.

**3. Torts § 7—**
A valid release of one joint tort-feasor releases all.

**4. Same—**
A covenant not to sue given one joint tort-feasor, even though given after the institution of action, does not release the cause of action and does not bar action against the other tort-feasors, although they are entitled to have credited on the total recovery against them the consideration paid for the covenant not to sue.

**5. Same—**
Whether an ambiguous instrument is a release or a covenant not to sue depends upon whether or not the parties intended to discharge or extinguish the cause of action, and the recitals of the parties are not controlling but the court must look also to the consideration paid, the

effect of the instrument, and the attendant circumstances. If the instrument in law discharges the cause of action there is no room for construction and the instrument constitutes a release.

**6. Same—— Consent judgment terminating action against one joint tort-feasor is a release discharging other tort-feasor.**

Pursuant to a covenant not to sue executed in favor of one tort-feasor a consent judgment was entered which recited the covenant and decreed that the cause of action against the covenantee should be terminated upon the payment of the amount agreed, and satisfaction of the judgment was thereafter duly entered, but both the judgment and the satisfaction stipulated that plaintiff's cause of action against the other tort-feasor was reserved. *Held:* The judgment terminated the cause of action and constituted a release barring the right to maintain the action against the other tort-feasor notwithstanding the intent of the parties, and the provisions attempting to reserve the right of action against the other tort-feasor are ineffective.

**7. Courts § 9——**

The denial of a motion of one tort-feasor to dismiss on the ground of a release given by plaintiff to another tort-feasor, but permitting the movant to amend his answer to allege the release, is not a denial of the motion on the merits and therefore does not preclude another Superior Court judge from finding the facts and ruling that plaintiff executed a release extinguishing the cause of action.

**8. Same; Trial § 54.1——**

An order of the court setting the verdict aside and ordering a new trial vacates all rulings made during the course of the trial, and therefore a ruling made during the course of the trial cannot preclude another Superior Court judge from thereafter making a contrary ruling in regard to the matter.

APPEAL by plaintiff from *Gambill, J.,* February 1962 Mixed Term of UNION.

*Wilson and Clark for plaintiff, appellant.*
*Richardson and Dawkins for appellee.*

MOORE, J. Plaintiff was injured by the alleged concurrent negligence of Furman Lee Crenshaw, Jr., and Charlotte Florist Supply Company (corporate defendant). About 7:45 P.M. on 20 October 1957 plaintiff was a passenger in an automobile owned and being operated by Crenshaw. Corporate defendant's truck collided with the rear of Crenshaw's automobile. The accident occurred on U. S. Highway 601 in Union County. Crenshaw was fatally injured. Plaintiff instituted this action against corporate defendant and the administratrix of Crenshaw (administratrix).

On 10 May 1961, after issues were joined and the case transferred to the civil issues docket, plaintiff and his wife entered into an "Agree-

ment and covenant not to sue and to indemnify and hold harmless" defendant administratrix. The agreement recites that plaintiff "desires to settle and adjust any claim which he . . . might have against . . . administratrix . . . by reason of said injuries . . . and further to execute a consent judgment as to . . . administratrix. . . . so as to avoid any suit or other legal action." In consideration of $3500 plaintiff and wife agreed and covenanted with administratrix not to "further prosecute any suit now pending in the Superior Court of Union County . . . against . . . administratrix and . . . that a consent judgment may be entered in the action now pending . . . insofar as said action affects or concerns . . . administratrix . . . and (decedent's) estate, and not to re-institute said suit or prosecute any other suit against said estate . . . by reason of the injuries (of plaintiff)." The agreement also states: "It is understood and agreed that this agreement is only an agreement and covenant not to sue and is not a release of any claim or cause of action" against corporate defendant, "and it is expressly understood and agreed that this agreement is in no way to affect the liability, if any, of" corporate defendant "and all rights, causes of action and remedies against . . . (corporate defendant) are expressly reserved." The agreement declares that the sum paid as consideration for the agreement is neither paid nor accepted as a satisfaction of the injuries sustained, and the payment is not intended as an admission of liability on the part of administratrix. Plaintiff and wife also agreed to "indemnity and save harmless" administratrix and her insurer "against any and all liability, loss, damages, cost and expenses which the said . . . administratrix (and insurer), or either of them, may hereafter suffer, incur, be put to, pay, or lay out to the undersigned, or either of them, by reason of, or having as their origin, claims for personal injuries, or property damage, or claims of any kind or nature whatsoever arising out of said injuries or damages, or either of them, sustained by . . . (plaintiff and wife), or either of them," in the accident.

On 10 May 1961 Preyer, J., signed a judgment at term which was entered by consent of plaintiff and wife and administratrix. The judgment recites that the consenting parties "have entered into an agreement and covenant not to sue . . . (and) not to further sue or prosecute this cause of action against . . . (administratrix) upon payment" of $3500. The judgment decrees "that the cause of action by plaintiff against . . . administratrix . . . shall be terminated upon payment by . . . administratrix, of the sum of . . . $3500 . . . (and) cost of this action . . . and the plaintiff shall forever be barred from prosecuting this cause against . . . administratrix. . . ."

On the same date plaintiff and wife, administratrix and their attorneys signed a "Satisfaction of Judgment," stating: ". . . (I)n con-

sideration of the sum of . . . $35000 . . ., the receipt of which is hereby acknowledged, the plaintiff acknowledges any judgment against . . . administratrix . . . paid and satisfied in full." The Clerk was authorized to satisfy the judgment of record. The instrument then purports to reserve plaintiff's cause of action as against corporate defendant.

Thereafter corporate defendant filed a motion in writing, alleging that the agreement, judgment and satisfaction of judgment constitutes a release, and praying that the action be dismissed as of nonsuit. At the August 1961 term the motion was denied, but corporate defendant was permitted to amend its answer to allege release.

The cause came on for trial at the November 1961 term before Gwyn, J., and a jury. The jury found that the transactions in question constitute a covenant not to sue, answered all issues in favor of plaintiff and awarded $12,500 in damages. In his discretion the judge set the verdict aside *in toto* and ordered a new trial.

At the March 1962 term Gambill, J., found facts and concluded that the agreement, judgment and satisfaction of judgment constitute in fact and in law "a release, satisfaction and accord of plaintiff with one of two alleged joint tort-feasors." The action was dismissed and plaintiff appeals.

The main question for determination on this appeal is whether the transactions in question constitute in law a release so as to bar the prosecution of the action against corporate defendant.

When a person is injured by the negligence of joint tort-feasors, he may elect to sue either of them severally or all of them together. *Bell v. Lacey,* 248 N.C. 703, 104 S.E. 2d 833. In law, joint tort-feasors are persons who act together in committing the wrong, or persons who, independently and without concert of action or unity of purpose, commit separate acts which concur as to time and place and unite in proximately causing the injury. *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648. For an injury by joint tort-feasors there is a single cause of action for all damages and there may be only one recovery and satisfaction. *Ramsey v. Camp,* 254 N.C. 443, 119 S.E. 2d 209; *Bell v. Hankins,* 249 N.C. 199, 105 S.E. 2d 642; *Holland v. Utilities Co.,* 208 N.C. 289, 180 S.E. 592. The cause of action is single and indivisible *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909; *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822.

A valid release of one joint tort-feasor releases all the joint wrongdoers and is a bar to a suit against any of them for the same injury, for the injured person is entitled to but one satisfaction and the release operates to extinguish the cause of action. *MacFarlane v. Wildlife Resources Com.,* 244 N.C. 385, 93 S.E. 2d 557; *King v. Powell,* 220 N.C. 511, 17 S.E. 2d 659; *McInturff v. Trust Co.,* 201 N.C. 16, 158 S.E. 547;

*Howard v. Plumbing Co.*, 154 N.C. 224, 70 S.E. 285. But a "covenant not to sue" given by the injured party to a joint-feasor does not release the cause of action, and in such case the action is not barred and may be maintained against the joint wrongdoers. *Ramsey v. Camp, supra; Holland v. Utilities Co., supra; Brown v. R.R.*, 208 N.C. 423, 181 S.E. 279; *Slade v. Sherrod*, 175 N.C. 346, 95 S.E. 557. The fact that the covenant not to sue is given after the action is instituted does not alter the effect. *Ramsey v. Camp, supra; Register v. Andris*, 64 S.E. 2d 196 (Ga. 1951).

"A release has been defined as the abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced (Black's Law Dict.; Ballentine's Law Dict.) and its effect is to extinguish the cause of action; hence it may be pleaded as a defense to the action. A covenant not to sue, on the other hand, is not a present abandonment or relinquishment of the right or claim, but merely an agreement not to enforce an existing cause of action. It does not have the effect of extinguishing the cause of action; . . . a covenant not to sue one of several joint tort-feasors may not be . . . pleaded in bar of the action by the covenantee, who must seek his remedy in an action for breach of the covenant." *Pellett v. Sonotone Corp.*, 160 P. 2d 783, 160 A.L.R. 863 (Cal. 1945). See also 45 Am. Jur., Release, ss. 3, 4, 5; 76 C.J.S., Release, s. 50. As to a sole tort-feasor a covenant not to sue is in effect a release and where given to a sole tort-feasor or to all joint tort-feasors the courts have permitted convenantees to plead it as a defense, not strictly as a bar but to avoid circuity of action. 45 Am. Jur., Release, s. 3.

Joint tort-feasors, not parties to the covenant not to sue, are entitled to have credited on the total recovery against them the amount paid for the covenant by covenantee. *Ramsey v. Camp, supra.* Where, because of uncertainty and conflict in the terms of the instrument, construction is necessary to determine whether it is a release or a covenant not to sue, the problem is to determine the intention of the parties. In making the determination the court may look to the consideration paid, the effect of the instrument and the circumstances attending the execution. The recitals of the parties are not controlling. *Haney v. Cheatham*, 111 P. 2d 1003 (Wash. 1941); 76 C.J.S., Release, s. 50, p. 694. See also 30 N.C. Law Rev. 75. Where the language of the instrument is so comprehensive and inclusive that it amounts to a relinquishment of the injured person's claim and right of action against a joint tort-feasor, or where the instrument expressly provides that it shall be a defense and bar to the former's cause of action against the latter, all of the joint tort-feasors are released. This is true even if the instrument purports to save and reserve the cause of action

against the other wrongdoers. *Braswell v. Morrow,* 195 N.C. 127, 141 S.E. 489; *Haney v. Cheatham, supra; First & Merchants National Bank v. Bank of Waverly,* 197 S.E. 462, 116 A.L.R. 1156 (Va. 1938); *Roper v. Florida Utilities Co.,* 179 S. 904 (Fla. 1938); *Byrd v. Crowder,* 60 S.W. 2d 171 (Tenn. 1933). See 22 Minn. Law Rev. 692. If it appears from the instrument that covenantor has discharged his cause of action against the covenantee, a joint tort-feasor, it is not a matter for construction, all joint tort-feasors are released. *Smith v. Mann,* 239 N.W. 223 (Minn. 1931); 2 Williston on Contracts, s. 338A. The crucial question, in determining whether an instrument is a release or a covenant not to sue, is whether the cause of action has been extinguished. The cause of action is single, indivisible and non-apportionable. Once it is extinguished it has no further vitality. A holding otherwise would abolish the release rule altogether and ignore the basis upon which the rule rests.

In the case at bar we need not consider the "Agreement and Covenant" alone. We are of the opinion that the entry of judgment and the "Satisfaction of Judgment" have barred and extinguished the cause of action.

"It is a universal rule that where there has been a judgment against one of two or more joint tort-feasors, followed by acceptance of satisfaction, all other tort-feasors are thereby released, and the judgment and satisfaction may be successfully pleaded by them to the maintenance of the same or another suit by the same plaintiff involving the same cause of action." *Hunt v. Ziegler,* 271 S.W. 936 (Tex. 1925); *Pearson v. Jacobs,* 293 S.W. 2d 543 (Tex. 1956). ". . . (I)t is the general rule in this country that the mere entry of a judgment against one joint tort-feasor does not of itself release the plaintiff's claims against other joint tort-feasors liable for the injury. Payment of such a judgment and acceptance of such payment by the plaintiff are, however, generally held to operate as a release of the plaintiff's claims against such other wrongdoers." And it is the majority view that "a provision in a judgment in an action against one joint tort-feasor which attempts to reserve the rights of the injured person against other joint tort-feasors liable for the same wrong must be regarded as ineffective and nugatory." 135 A.L.R. 1498. Entry of a voluntary nonsuit is not necessarily a release, however, for it does not ordinarily terminate and extinguish the cause of action. *Brown v. R.R., supra; Lewis v. Johnson,* 86 P. 2d 99 (Cal. 1939); 124 A.L.R. 1315.

In *Battle v. Morris,* 93 S. 2d 428 (Ala. 1957), plaintiff was injured by the concurrent negligence of defendant and another, and by consent a judgment for $3000 was entered against defendant and the judgment was satisfied. Thereafter plaintiff sued the other joint tort-feasor for

the same injury. Learning that the latter planned to plead the consent judgment as a defense, plaintiff moved to vacate the consent judgment in order that another judgment might be substituted setting out that the settlement was partial and plaintiff's claim against the other wrongdoer was reserved. The trial court set aside the consent judgment but the appellate court reversed the ruling, saying: ". . . in the absence of a statute providing otherwise, damages against joint tort-feasors are not apportioned. Joint tort-feasors are jointly and severally liable for the entire damage sustained. (citing authorities) . . . The recovery of a judgment against one and its satisfaction is a satisfaction of the entire claim, and the judgment cannot be so expressed as to have a different meaning. (citing authorities)."

*Eberle v. Sinclair Prairie Oil Co.,* 120 F. 2d 746, 135 A.L.R. 1492 (10th Cir. 1941), is a similar case. Plaintiff sued and settled with two of four joint-feasors for a consideration of $7500. An agreement was executed releasing the two from liability, authorizing dismissal of the action, and reserving plaintiff's claim against the other two. A judgment was entered reciting and approving the settlement with prejudice as to the two, but without prejudice to plaintiff's claim against the others. Plaintiff then sued the other two wrongdoers who pleaded the judgment and satisfaction in bar. The court said:

> "A person injured by a joint tort has a single and indivisible cause of action. He may proceed against the wrongdoers either jointly or severally and may recover a judgment or judgments against all, but he can have but one satisfaction of his single cause of action. Neither may he split his cause of action. . . ."
>
> "The effect of the settlement and compromise of the cause of action, the receipt of the sum stipulated, the judgment approving the compromise of the causes of action, and dismissing the action with prejudice was an extinguishment of the two single causes of action. The causes of action having been extinguished, the district court of Seminole County, Oklahoma, was powerless to reserve the right in the administratrix to prosecute another suit on the same causes of action. . . ."

In *Blake v. Kansas City Southern R. Co.,* 85 S.W. 430 (Tex. 1905), plaintiff was ejected from a pullman car. He sued the railroad company and the pullman car company. He made a compromise settlement with the latter. The settlement was approved by order of the court reserving the cause of action against the railroad company. Held: The judgment and the satisfaction thereof constituted a release. A similar result was reached in *Jenkins v. Southern Pac. Co.,* 17 F. Supp. 820 (D.C. 1937). There the plaintiff for a consideration of $2500 gave

two joint tort-feasors a covenant not to sue, authorizing dismissal of the action as to them and reserving claims against others. The action was dismissed as to the covenantees. The court held that the judgment and acceptance of satisfaction constituted a release. To the same effect are: *Sykes v. Wright*, 205 P. 2d 1156 (Okla. 1949); *City of Wetumka v. Cromwell Franklin Oil Co.*, 43 P. 2d 434 (Okla. 1935); *Cain v. Quannah Light and Ice Co.*, 267 P. 641 (Okla. 1928); *Vattani v. Damiano*, 153 A. 841 (N.J. 1931).

Plaintiff relies on *Colby v. Walker*, 171 A. 774 (N.J. 1934), which is often cited by text writers as supporting a more liberal view. Plaintiff, passenger in an automobile, was injured when the vehicle in which he was riding collided with another car. Plaintiff sued the drivers, but for a consideration released one and entered a consent judgment terminating the action as to him. The other defendant pleaded the release and judgment in bar. The court said: "It is law here that a judgment on the merits against one liable for a tort, followed by satisfaction, works a discharge of others similarly liable for the same injury. . . . Although the judgments here invoked were entered by agreement, they were judgments concerning the merits of the case, and are of the same virtue as though rendered upon verdicts of juries. (Citing cases)." After thus stating and approving the law generally applied throughout the country, the court declared in effect that plaintiff might request a hearing as to whether the judgment should be altered to conform to the alleged intention of the parties that plaintiff reserved his claim against the other defendant. It is not clear upon what theory the court might reform the judgment and what form the judgment would take if reformed. In view of the holdings of the New Hampshire Court as to releases generally (that an absolute release, reserving claim against other joint tort-feasors, is a covenant not to sue and not a release) this case is not authoritative on the present appeal.

In the instant case plaintiff and defendant administratrix entered a consent judgment. It is as much a judgment on the merits as if it had been entered on a jury verdict. "A consent judgment as well as a judgment on trial of issues, is *res judicata* as between the parties upon all matters embraced therein." *Herring v. Coach Co.*, 234 N.C. 51, 65 S.E. 2d 505. The consent judgment decrees "that the cause of action by plaintiff against . . . administratrix . . . shall be terminated upon payment by . . . administratrix, of the sum of . . . $3500 . . . and plaintiff shall be forever barred from prosecuting his action against . . . administratrix." The $3500 was paid and "Satisfaction of Judgment" was executed and filed in the cause. Notwithstanding the recitals in the settlement agreement, the judgment and "Satisfaction of Judgment" that it was not a full settlement and plaintiff reserved her right to

maintain the action against the corporate defendant, the judgment and the satisfaction thereof extinguished the cause of action as against administratrix and constitutes a release and bars the cause of action as to corporate defendant also. It is our view that intention does not govern in the face of the judgment terminating the cause of action. *Cain v. Quannah Light and Ice Co., supra.* There was a single and indivisible cause of action, and it cannot be split or apportioned. *Gaither Corp. v. Skinner, supra; Bruton v. Light Co., supra.* The court is without authority, after extinguishment of the cause of action as to one joint tort-feasor, to retain and reserve it as to another. Once extinguished, it has no further vitality.

Plaintiff contends that Judge Gambill erred in reversing the ruling of Judge Nettles who denied the motion of corporate defendant to dismiss the action on the ground of release. It is true that one superior court judge may not modify, reverse or set aside a judgment of another superior court judge for error. *In re Burton,* 257 N.C. 534, 541, 126 S.E. 2d 581; *Davis v. Jenkins,* 239 N.C. 533, 80 S.E. 2d 257. But it does not appear that Judge Nettles denied the motion on the merits. He undoubtedly took the position that the motion constituted a speaking demurrer. He properly permitted the corporate defendant to amend its answer and plead the agreement, consent judgment and satisfaction of judgment as a bar to the action. At the November 1961 term Judge Gwyn submitted issues to the jury with respect to release. But he set the verdict aside and ordered a new trial. This vacated all rulings made by him in the course of the trial. He made no formal judgment or order with respect to the question of release. As a matter of law, Judge Gambill did not reverse a judgment of another superior court judge.

The judgment below is
Affirmed.