Edward L. **VALENTINE**, Libelant,

v.

Emmet **WIGGINS**, and the VESSEL BIG-WIG, her engines, hull, tackle, and her appurtenances thereof, Respondents.

No. 281.

United States District Court
E. D. North Carolina,
Elizabeth City Division.

June 29, 1965.

Charles F. Blanchard, of Yarborough, Blanchard & Tucker, Raleigh, N. C., Harvey Goldstein, of Goldstein & Sterenfeld, New York City, Louis Ellenson, of Taylor & Ellenson, Newport News, Va., for libelant.

W. A. Worth, of Worth & Horner, Elizabeth City, N. C., for respondents.

LARKINS, District Judge.

## SUMMARY

This cause comes before the Court as a libel in admiralty, in personam and in rem, filed under the special Rule for Seaman allowing a Seaman to sue without costs or payment of fees.

Libelant alleges that he was a crew member of the M/V "Bigwig"; that he is entitled to the benefits of the Jones Act, Title 46 U.S.C.A., § 688 et seq.; and that he suffered injuries and illness to his person in the course of his employment aboard the M/V "Bigwig." Libelant prays for judgment for his injuries, damage and loss of earnings due to the unseaworthy condition of the vessel, negligence of the Master and Crew, and for maintenance and cure, insisting his injuries resulted from the above stated conditions.

Respondents answered the libel by denying the substance of the allegations, and more specifically denying that libelant was a member of its crew and in respondents' employ. Respondents aver that libelant was in the employ of a third party, a corporation from whom libelant has obtained judgment and satisfaction in the Eastern District of Virginia, and that this corporate respondent was the sole cause of any injuries sustained by libelant. Respondent in this action prays the action be dismissed on the basis of the judgment recovered in the Eastern District of Virginia.

## STATEMENT OF THE CASE

It is the contention of the respondent that by obtaining judgment in the Eastern District of Virginia, the claim against the respondent in the Eastern District of North Carolina is extinguished. This assertion is based upon the theory that the facts alleged in both complaints, and the claims asserted therein, are substantially the same. In this respect, respondent directs the Court's attention to numerous North Carolina citations, including the recent case of Simpson v. Plyler, 258 N.C. 390, 128 S.E.2d 843 (1963).

The Simpson case stands for the proposition that a consent judgment, and the satisfaction of it against one joint tort-feasor, constitutes a release against all other tort-feasors, "Notwithstanding the recitals in the settlement agreement, the judgment and 'Satisfaction of Judgment' that it was not a full settlement and plaintiff reserved her right to maintain the action against the corporate defendant." Simpson, supra, p. 848.

■ The Virginia judgment in the instant case states that it is without prejudice to any action the libelant may have against the North Carolina respondents, who were named as respondents in the Virginia suit, jointly and severally with the corporate respondent but were not amenable to service there. The motion for dismissal is not easily resolved, however, by being based solely on North Carolina principles of law. This is an action in admiralty with claims asserted in the libel under the Jones Act, and the substantive law of North Carolina is not controlling. See Benedict On Admiralty, 6th Ed., Vol. 4, pp. 196–206.

■ Libelant alleges a claim for injuries arising out of the negligence of respondent, Emmet Wiggins; and he also alleges a claim against the M/V "Bigwig," and moves for attachment against her. These two actions, one in rem and the other in personam, may be joined together in one action according to the rules of admiralty. As a third action, libelant seeks a recovery by virtue of the statutory right to maintenance and cure under the Jones Act. These same three claims were alleged in the libel filed in the Eastern District Court of Virginia, the only difference being the corporate respondent was also named in the Virginia action and all the above parties were being sued in Virginia jointly and severally. Libelant obtained a consent judgment in the Virginia action *with prejudice* against the corporate respondent, it being the only respondent amenable to service out of that Court, and *without prejudice* against the respondents named in this action.

The libelant has sought to recover under the Jones Act in personam and in rem for negligence and "maintenance and cure" as well as for "unseaworthiness." It is noted that there is some doubt in the Fourth Circuit as to whether the libelant is put to an election between the action based on "unseaworthiness" and Jones Act negligence, despite the rule stated in Pacific S.S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220 (1928). See Hill v. Atlantic Navigation Co., A.M.C. 2150 (E.D.Va.1954); reversed for other reason in 218 F.2d 654 (4th Cir., 1955). See Gilmore & Black, The Law of Admiralty, 1957, at Sec. 2–25.

Libelant states that the respondents are responsible to him jointly and severally and they have answered that the corporate respondent is alone responsible. A factual conflict arises which is crucial and must be resolved.

■ Certain principles of admiralty involved and generally stated are:

(1) A libelant to whom two or more are personally responsible may proceed against them jointly and severally by a libel in personam.

(2) If they are jointly liable, they must be sued jointly. (See Benedict On Admiralty, 6th Ed., Vol. 2, Sec. 252.)

(3) At the same time, Jones Act cases may be brought in Federal Courts in personam, but not in rem. (Benedict, 6th Ed., Vol. I, Sec. 25.)

■ In the case at hand, there is no indication as to what the status of the Virginia judgment is; whether the recovery was for "maintenance and cure" and negligence under the Jones Act, or otherwise. It is clear that medical expenses were recovered in that judgment, and it is well settled that the shipowner has a right to indemnity from a third party tort-feasor for "maintenance and cure" expenses. Of course, there is the factual question raised by respondents as to their status as to who was in the position of shipowner. See The Law of Admiralty, Gilmore & Black, 1957, Sec. 6–14.

The situation stands as follows: Respondents, the alleged shipowner, and the ship are alleged to be responsible for injuries to libelant. At the same time, another party whom libelant has alleged to be jointly and severally responsible for his injuries, and who these respondents insist should be solely responsible, has acknowledged responsibility for libelant's injuries including that of medical expenses (which are one of the elements recoverable under the maintenance and cure provisions of the Jones Act).

It can be seen that the present status of the case leaves many questions of pleading, facts and procedure unresolved and which demand clarification. The determination of these questions will bear directly upon the issue of whether respondents are responsible to libelant at all, and, if so, for what types of damages and to what extent.

For all of these reasons, therefore,

### ORDER

It is ordered that respondents' motion to dismiss be, and the same is hereby denied.

It is further ordered that the action be calendared for trial at the next term at Elizabeth City.