JAMES F. AUTRY v. DOROTHY W. JONES AND POWELL M. JONES, ORIGINAL DEFENDANTS AND HARRY C. BOAHN, JR., ADDITIONAL DEFENDANT.

(Filed 20 June, 1967.)

1. **Torts § 7—**
    An instrument under which a party covenants not to assert any claim or sue other named parties, directly or indirectly, for injuries or damages arising out of a specified accident, and stipulating that the agreement might be pleaded in bar to any action by the party executing the agreement or his heirs, executors, administrators, and assigns, *is held* a covenant not to sue and not a release.

2. **Same;    Automobiles § 35—**
    A passenger in one vehicle involved in a collision sued the driver and the owner of the other vehicle involved in the collision, and defendants

filed a cross-action for contribution against the driver of the vehicle in which plaintiff was riding. The driver of the car in which plaintiff was riding pleaded a covenant not to sue theretofore executed by the owner of his vehicle in favor of the owner and the driver of the other vehicle involved in the collision. *Held:* The covenant not to sue does not bar the cross-action for contribution, since the driver of the car in which plaintiff was riding was not a party to the covenant.

**3. Same—**

A covenant not to sue executed by the owner of one car involved in a collision in favor of the owner and the driver of the other car involved in the collision precludes litigation *inter se* by either party to the agreement, but does not bar the owner and the driver of the second car from asserting a claim against the driver of the first car, who was not a party to the covenant, notwithstanding a settlement embodied in a consent judgment would constitute *res judicata* barring such claim.

APPEAL by additional defendant, Harry C. Boahn, Jr., from *Hall, J.,* March 28, 1967 Civil Session of CUMBERLAND.

This litigation grows out of a collision that occurred May 28, 1965, at an intersection of streets in Fayetteville, North Carolina, between a Studebaker car operated by Harry C. Boahn, Jr., and a Dodge car owned by Powell M. Jones and operated by Dorothy W. Jones.

Plaintiff (Autry), a passenger in the Studebaker, sued defendants Jones, alleging their negligence proximately caused the collision and the personal injuries he sustained as a result thereof. Answering, defendants Jones denied all allegations as to their negligence; and as further answers pleaded (1) the negligence of Harry C. Boahn, Jr., was the sole proximate cause of the collision and plaintiff's injuries, and (2) if they were negligent in any respect, their negligence and the negligence of Harry C. Boahn, Jr., acting jointly and concurrently, proximately caused the collision and plaintiff's injuries. Upon their motion, Harry C. Boahn, Jr., was made an additional party defendant.

Answering the cross complaint of defendants Jones, Harry C. Boahn, Jr., pleaded, as a bar to the right of defendants Jones to recover contribution from him, a writing entitled "Covenant," executed by his father, Harry C. Boahn, Sr., in words and figures as follows:

"FOR THE SOLE CONSIDERATION OF EIGHT HUNDRED ($800.00) DOLLARS, the receipt and sufficiency whereof is hereby acknowledged, the undersigned does hereby covenant and undertake with Dorothy W. Jones and Powell M. Jones, their heirs, executors, administrators, agents and assigns, to forever refrain and desist from instituting or asserting against them any claim, demand, action or suit of whatever kind or nature, either directly or indirectly, for injuries

or damage, to person or property, resulting or to result from an accident which occurred on or about the 28th day of May, 1965, at or near the intersection of Russell Street and Robeson Street, Fayetteville, North Carolina.

"It is understood that the said Dorothy W. Jones and Powell M. Jones expressly deny any negligence on their part causing or contributing to said accident and any liability therefor, and that this agreement is entered into for the purpose of avoiding litigation and shall not be construed as an admission of liability on their part, that the undersigned hereby expressly reserves the right to sue any other person or persons against whom he may have or assert any claim on account of damages arising out of the above described accident.

"It is further expressly understood and agreed that as against undersigned, his heirs, executors, administrators and assigns, this instrument may be pleaded as a defense in bar or abatement of any action of any kind whatsoever, brought, instituted or taken by or on behalf of the undersigned on account of said supposed claim or claims against said Dorothy W. Jones and Powell M. Jones.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this 30th day of March, 1966."

In his plea in bar, Harry C. Boahn, Jr., alleged the Studebaker car he was driving on the occasion of the collision was the property of his father, Harry C. Boahn, Sr., and that he was operating the car on said occasion as his father's agent and employee, pursuant to his father's instructions, and within the scope and course of said employment.

Defendants Jones demurred to and moved to strike said plea in bar. Judge Hall sustained the demurrer to said plea in bar and ordered that it be stricken from Harry C. Boahn, Jr.'s, answer.

Defendant Harry C. Boahn, Jr., excepted and appealed.

*Quillan, Russ, Worth & McLeod for additional defendant appellant.*

*Nance, Barrington, Collier & Singleton for original defendant appellees.*

BOBBITT, J. Appellant contends the execution by Harry C. Boahn, Sr., of the "Covenant" and payment therefor by defendants Jones constitutes a mutual release as between these parties; *and* that the release of Harry C. Boahn, Sr., inured to the benefit of and released Harry C. Boahn, Jr.

Appellant, citing and stressing *Simpson v. Plyler*, 258 N.C. 390,

128 S.E. 2d 843, contends the "Covenant" now under consideration is a release rather than a covenant not to sue. In the cited case, Moore, J., for the Court, set forth basic differences between a release extinguishing a cause of action and a covenant to refrain from bringing suit on account of asserted (but denied) tortious conduct. In *Simpson v. Plyler, supra,* pursuant to the terms of a settlement agreement, the plaintiff's cause of action against one defendant was expressly "terminated" by the provisions of a (paid) consent *judgment.* It was held that the plaintiff's *cause of action* had been *extinguished* by said (paid) judgment; therefore, the remaining defendant (allegedly a joint tort-feasor) was also released.

The provisions of the "Covenant" executed by Harry C. Boahn, Sr., constitute a covenant not to sue rather than a release. Even so, the execution thereof by Harry C. Boahn, Sr., upon the payment to him by defendants Jones of the consideration of $800.00 precludes both Harry C. Boahn, Sr., and defendants Jones from pursuing actions against *each other* in respect of any claim or liability arising out of said collision. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805. It is noted that defendants Jones did not join Harry C. Boahn, Sr., as an additional defendant, and allege a cross action for contribution against him.

The determinative question is whether the settlement between defendants Jones and Harry C. Boahn, Sr., upon the terms set forth in the "Covenant," is a bar to the right of defendants Jones to assert a cross action against Harry C. Boahn, Jr., for contribution in respect of such damages, if any, as plaintiff may recover herein on account of personal injuries resulting from said collision. Seemingly, the same considerations would determine whether defendants Jones would be barred from asserting a cause of action against Harry C. Boahn, Jr., on account of personal injuries or property damage, if any, which they, or either of them, have sustained as a result of said collision.

Appellant contends *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570, "fits our facts" and supports his position. Consideration thereof impels a different conclusion.

In *Leary v. Land Bank, supra,* this Court held *the judgment* in the former action of *Newbern v. Leary,* 215 N.C. 134, 1 S.E. 2d 384, was *res judicata* and a bar to the plaintiffs' action. Newbern, the bank's agent, was fatally injured as a result of the collision between the bank's car and the Leary truck. The car was operated by Best as chauffeur for Newbern and the bank. In said prior (wrongful death) action, the verdict and judgment were in favor of Newbern's administratrix and against Leary. The plea in bar was upheld on the

ground plaintiffs' cause of action against the defendants rested solely on *respondeat superior*, and that all pertinent issues had been adjudicated adversely to the plaintiffs in said prior action.

In addition to *Leary v. Land Bank, supra,* appellant cites the following: *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Stansel v. McIntyre,* 237 N.C. 148, 74 S.E. 2d 345; *Stone v. Coach Co.,* 238 N.C. 662, 78 S.E. 2d 605; *Light Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167; *Lumber Co. v. Hunt,* 251 N.C. 624, 112 S.E. 2d 132; *Taylor v. Hatchery, Inc.,* 251 N.C. 689, 111 S.E. 2d 864; *Williams v. Hunter,* 257 N.C. 754, 127 S.E. 2d 546. It would serve no useful purpose to review here the factual situation in each of these cases. Suffice to say, these and many others (see *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688, and cases cited) relate to whether *a judgment* in a prior action adjudicating issues raised by the pleadings therein constitutes *res judicata* and therefore a bar to the subsequent action.

The cases referred to in the preceding paragraph are not germane to the question now before us. There has been no adjudication of the rights and liabilities as between defendants Jones and Harry C. Boahn, Sr. Hence, there is no basis for a plea of *res judicata* as a bar to the alleged cross action by defendants Jones against Harry C. Boahn, Jr. To surmount this hurdle, appellant relies upon *Snyder v. Oil Co., supra;* but, as indicated above, this decision would be authority only for the proposition that defendants Jones would be precluded from joining Harry C. Boahn, Sr., as an additional party defendant and from asserting a cross action for contribution against him.

In *Snyder v. Oil Co., supra,* the plaintiff sued the Oil Company and Keen, its driver, on account of injuries she received as a result of a collision between the Oil Company's truck and a car in which plaintiff was a passenger. On motion of the original defendants, the operator (Dixon) of the car in which the plaintiff was riding, was made an additional party defendant for the purpose of enforcing contribution. No alleged agent of Dixon was in any way involved. Answering the allegations of the original defendants, Dixon pleaded, *inter alia,* that the Oil Company had settled *her* claim against it for damages caused by the collision. This Court held the motion by the original defendants to strike Dixon's allegations as to such settlement was properly denied. Thus, decision was to the effect that the alleged settlement precluded the Oil Company from asserting a claim against Dixon.

It is noteworthy that Harry C. Boahn, Sr., in said "Covenant," reserved the right "to sue any *other* person or persons against whom he may have or assert any claim on account of damages arising out

of the above described accident." (Our italics.) Conversely, settlement between defendants Jones and Harry C. Boahn, Sr., in accordance with the terms of the "Covenant," did not impair the right of defendants Jones to sue any *other* person or persons against whom they may have or assert any claim on account of damages arising out of said collision.

Appellant's plea in bar is based solely on the contention that the protection afforded Harry C. Boahn, Sr., by *his* settlement with defendants Jones inures to the benefit of Harry C. Boahn, Jr. It is noted that appellant does not allege he was a party to, participated in, or had knowledge of, negotiations resulting in the settlement between defendants Jones and Harry C. Boahn, Sr. Being a stranger thereto, the said settlement neither protects nor precludes Harry C. Boahn, Jr., in respect of rights and liabilities between him and defendants Jones growing out of said collision.

For the reasons stated, the judgment of the court below is affirmed.

Affirmed.