Wilma KNUTSON, et vir, Appellants,

v.

MORTON FOODS, INC. Appellee.

No. 8680.

Court of Civil Appeals of Texas,
Texarkana.

March 20, 1979.

Rehearing Denied April 17, 1979.

Richard W. Ewing, Schleider & Ewing,
Houston, for appellants.

Fred S. Stradley, Vial, Hamilton, Koch,
Tubb, Knox & Stradley, Dallas, for appellee.

HUTCHINSON, Justice.

Appellants, Wilma Knutson and husband, Lonnie Knutson, here complain of the granting of a summary judgment for appellee, Morton Foods, Inc.

The suit was initially filed by appellants in Scurry County against appellee and Jack Chastain and wife, Dorothy Chastain, for damages resulting from an automobile collision in Scurry County. Appellants alleged that at the time of the collision Mrs. Chastain was within the course of her employment with appellee. Appellee timely filed its plea of privilege and by agreement of counsel, the alleged cause of action against appellee was severed and transferred to Dallas County. Thereafter, appellants settled their claim against the Chastains and the Scurry County suit was dismissed. The settlement was concluded by appellants' execution of a "Covenant Not To Sue" expressly reserving their cause of action against appellee and providing that should appellee thereafter obtain indemnity and contribution against the Chastains appellants would hold them harmless to the extent of the payment made to them by way of the settlement. This instrument further provided that the sum paid to appellants was in complete and final satisfaction of any and all claims for damages which they might have against the Chastains or their insurer. Thereafter, appellee filed its motion for summary judgment in the suit

pending against it in Dallas County. The motion was granted and a take nothing judgment entered.

■ There being no allegation of negligence on the part of the appellee, appellants' alleged cause of action is based solely upon the doctrine of respondeat superior. Liability is sought against appellee as principal for the tortious acts of its alleged agent (Chastain). Under the doctrine of respondeat superior the liability of the principal for damage to third persons inflicted by an agent in the course of his employment is derivative and secondary. That of the agent is primary. While the principal whose liability is predicated solely upon the doctrine of respondeat superior, not upon any wrong on his part, may be sued jointly with his agent for a tort committed by the agent within the scope of his employment, they are not joint or concurrent tort-feasors. Although the principal may be required to respond to third persons by reason of the liability of its agent, he will be subrogated to the rights of the injured third person and may recover from his agent who is primarily liable. While the Texas courts have not consistently spelled out the distinction between the liabilities of a principal or employer and the liabilities of joint or concurrent tort-feasors, the results reached by our courts are compatible with the distinction. *Hunt v. Ziegler*, 271 S.W. 936 (Tex.Civ.App. San Antonio 1925), affm'd, 280 S.W. 546 (Tex.Com.App.1926); *Pearson v. Jacobs*, 293 S.W.2d 543 (Tex.Civ.App. Amarillo 1956, writ ref'd n. r. e.); *Marange v. Marshall*, 402 S.W.2d 236 (Tex.Civ.App. Corpus Christi 1966, writ ref'd n. r. e.). The distinction is recognized and clearly set forth in the case of *Spradley v. McCrackin*, 505 S.W.2d 955 (Tex.Civ.App. Tyler 1974, writ ref'd n. r. e.). There the plaintiffs executed a general release of the employee prior to the institution of a suit against the employer and it was held that the release of the employee operated to also release the employer without the necessity of naming the employer. It is true that the instrument here is captioned a "Covenant Not To Sue", yet it goes beyond its connotation and contains a paragraph which is a general release within itself.[1]

■ Since the primary liability of the agent (Chastain) has been effectively released and no longer exists, there is no remaining basis to support the derivative cause of action against the principal. *Simpson v. Townsley*, 283 F.2d 743 (10th Cir. 1960).

In view of the above, appellants' second point of error is rendered moot.

The judgment of the trial court is affirmed.

---

1. "It is specifically agreed that the sum paid to plaintiffs and their attorney is in complete and final satisfaction of any and all claims for damages, of whatsoever kind and character, which plaintiffs, or anyone claiming through them or on their behalf, may have against defendants Chastain or their insurer."