# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================
## NO. 03-05-00768-CV
========================

**Michael L. Calvin, Appellant**

**v.**

**Mark E. Martin and Christine Choate, Appellees**

================================================================
### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 278032, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING
================================================================

## M E M O R A N D U M   O P I N I O N

Margaret Schmucker filed suit against Michael L. Calvin for breach of a residential sales contract. Calvin then filed a common-law negligence cross-action, from which this appeal arises, against appellees Mark E. Martin and Christine Choate seeking indemnification for any damages that Calvin may owe Schmucker. The trial court granted summary judgment in favor of appellees. In one issue, Calvin contends that the trial court erred in granting appellees' motions for summary judgment. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2004, Calvin and Schmucker entered into a contract for Calvin to purchase Schmucker's home. Martin, a real estate agent, acted as Calvin's agent. Choate was Martin's employer and served as Calvin's real estate broker.

The parties modified the contract to reflect that Schmucker, at Schmucker's expense, would make repairs agreed upon by the parties in a forthcoming inspection report. A separate provision of the contract, entitled "Termination Option," was checked and Calvin thereby reserved the right to terminate the contract within ten days of its execution. As the effective date of the contract was April 5, the termination period expired at midnight on April 15. The contract informed the parties that all notices from one party to the other had to be in writing.

A residential inspector inspected the property and delivered a report to Martin on April 14, the day before the termination option would expire. After conferring with Calvin about the nature and extent of the needed repairs, Martin prepared and faxed a one-page contract amendment to Schmucker's agent on April 15, listing the repairs Calvin wanted made before he would close. Later that day, Schmucker rejected several of Calvin's requested repairs, making the purchase unacceptable to Calvin.

At approximately 2:35 p.m. on April 15, Calvin directed Martin to terminate the contract. Approximately four minutes later, at 2:39 p.m., an associate of Martin sent two e-mails to Calvin, the first containing a termination of contract form and the second a form for the release of Calvin's earnest money deposit. Calvin opened the e-mails at approximately 7:30 p.m., when he arrived at home from his office. Neither e-mail contained any instructions, directions, or comments.

On the morning of April 16, Calvin signed both documents and faxed them to Martin's office. Calvin then received the following e-mail from Martin:

> I am very hopeful that the realtor will not throw a fit. Yesterday was the end of the option period, at midnight, as I told you on the phone yesterday. They should have been faxed yesterday as I instructed you, but we'll work it out. . . .

Calvin replied:

> You've got to be kidding me. You gave me no time limit instructions on when to fax this document . . . and I clearly would have been at a fax machine before midnight had I known the option period expired then as I don't have the ability to throw away $1,000 of earnest money!

Martin delivered the papers to Schmucker on April 20 or 21, 2004.

Schmucker filed suit against Calvin for breach of a residential sales contract. Calvin then filed a common-law negligence cross-action against appellees Martin and Choate, seeking indemnification for any damages that Calvin may owe Schmucker. The trial court granted summary judgment in favor of appellees without specifying the grounds on which it relied. Calvin filed this appeal.

## ANALYSIS

In one issue, Calvin contends that the trial court erred in granting summary judgment for appellees because material fact issues remain concerning the law of agent and principal, the plain meaning of the contract, and the course of dealings between Calvin and Martin during the contract negotiations.

Appellees respond that Calvin's knowledge of the contract terms, whether actual or constructive, conclusively negates the proximate cause element that is essential to recovery on his negligence claim. Appellees further respond that Calvin has waived his claims as to Choate by failing to brief the issues as they pertain to her.

3

*Standard of Review*

The standards for reviewing a motion for summary judgment are well established: the movants for summary judgment have the burden of showing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *see* Tex. R. Civ. P. 166a(c).

Summary judgment in a negligence claim in favor of a defendant is proper when the defendant negates at least one element of the plaintiff's theory of recovery. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). The essential elements of actionable negligence are: the existence of a legal duty owed by one person to another to protect the latter against injury; a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996).

*Agent-Principal*

Calvin contends that Martin, upon learning that Calvin wanted to terminate the contract, had a duty as agent and fiduciary to inform Calvin of the urgency with which the termination forms had to be executed and delivered to the seller and to provide the name and contact information of the seller. Calvin claims that Martin acted negligently by not doing so.

As recited, an essential element of actionable negligence is proximate cause. *IHS Cedars*, 143 S.W.3d at 798; *Firestone Steel*, 927 S.W.2d at 613. The two elements of proximate

4

cause are cause in fact (or substantial factor) and foreseeability. *IHS Cedars*, 143 S.W.3d at 798. Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries and, without it, the harm would not have occurred. *Id.*

Calvin concedes that he signed the contract, "knew the meaning of the words," and "fully comprehend[ed] the legal effect." One who signs a contract is presumed to know its contents and its legal effects. *Missouri Pac. R.R. v. Lely Dev. Corp.*, 86 S.W.3d 787, 791 (Tex. App.—Austin 2003, pet. dism'd). The contract required Calvin to exercise his right to terminate in writing to the seller, whose address was listed in the contract, by midnight April 15. After speaking with Calvin on April 15, Martin immediately e-mailed Calvin the forms required to terminate the contract and release his deposit money. Calvin failed to timely execute the forms despite possessing instructions, included in the signed contact, and the required forms, which Calvin received on April 15. Calvin's inaction was the proximate cause of his injury and damages. Martin's failure to communicate the urgency of the decision only furnished the condition that made the injury possible. While Calvin asserts that the trial court disregarded the law of agent and principle, Calvin cites no authority, and we find none, that relieves Calvin from the responsibility to act under these circumstances.

Calvin further claims that Martin committed negligence as a matter of law by not reminding Calvin of his contractual requirements. Calvin claims that Martin's inaction was a violation of the Texas Real Estate Commission Canons of Professional Ethics and Conduct, which require an agent to act as his principal's fiduciary, 22 Tex. Admin. Code. § 531.1 (2006), and keep his principal "informed at all times of signicant information." *Id.* § 535.156(c) (2006). We note however, that Calvin waived his right to assert this challenge by first raising this theory in a motion for new trial, after summary judgment was rendered. *See City of Houston v. Clear Creek Basin*

*Auth.*, 589 S.W.2d 671, 677-79 ("Both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing . . . [T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal."); *Bazile v. Aetna Cas. & Sur. Co.*, 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd) (motion for new trial is not part of the appellate transcript and cannot be considered on appeal because it was not properly before the trial court when the motion for summary judgment was heard); *see also* Tex. R. Civ. P. 166a(c).

### *Vicarious Liability*

In Calvin's cross-claim, Calvin asserted that Choate was vicariously liable to Calvin for Martin's alleged negligence. Where the primary liability of the employee or agent no longer exists, there is no remaining basis to support a derivative cause of action against the employer. *See Knutson v. Morton Foods, Inc.*, 580 S.W.2d 876, 877 (Tex. Civ. App.—Texarkana 1979), *aff'd*, 603 S.W.2d 805 (Tex. 1980). In the instant case, the defeat of the underlying claim of liability against Martin necessarily defeats the claim of vicarious liability against Choate.

In addition, although Calvin appeals the order granting Choate's motion for summary judgment in his notice of appeal, Calvin fails to argue or brief the point here. Calvin's point is waived. *See* Tex. R. App. P. 38.1.

### CONCLUSION

Appellees met their burden of showing that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law on Calvin's cross-action for common-law

6

negligence.  We conclude that the trial court properly granted summary judgment in their favor.

Having overruled Calvin's issue on appeal, we affirm the trial court's summary judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   September 21, 2006